PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 09-4140

———

KWAME DWUMAAH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A075-462-772)
Immigration Judge: Honorable Roxanne C. Hladylowycz

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2010

Before: RENDELL, HARDIMAN and
ALDISERT, *Circuit Judges*.

(Filed: April 12, 2010)

Kwame Dwumaah
Apartment 405A
215 West Walnut Street
Philadelphia, PA 19144
       *Pro Se Petitioner*

Eric H. Holder, Jr.
Thomas W. Hussey
Kurt B. Larson
Justin R. Markel
Stacy S. Paddack
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
       *Attorneys for Respondent*

———

## OPINION OF THE COURT

———

PER CURIAM.

Kwame Dwumaah, a native and citizen of Ghana, seeks review of a final order of removal entered by the Board of Immigration Appeals ("BIA"). Finding no error in the conclusion that Dwumaah is removable, we will deny the petition for review.

2

## I.

Dwumaah, currently age forty-nine, entered the United States in 1989 on a six-month visitor visa and overstayed. From 1997 to 2001, Dwumaah was enrolled in two colleges in the Philadelphia area, obtaining a degree in nursing which he financed in part through student loans procured from the federal government under the alias "Simon Dwumaah." In 1999, Dwumaah adjusted status to conditional lawful permanent resident based upon his marriage to a United States citizen. In July 2004, the Department of Homeland Security ("DHS") terminated the conditional resident status after concluding through interviews with Dwumaah and his wife that the marriage was fraudulent. In November 2004, DHS served a Notice to Appear charging Dwuumah as removable under INA § 237(a)(1)(D)(i) due to termination of the conditional resident status.

Shortly thereafter, a grand jury in the District Court for the Middle District of Pennsylvania indicted Dwumaah on multiple fraud charges stemming from his unlawful receipt of the above-mentioned student loans. Dwumaah eventually entered a guilty plea to one count of theft of government monies in violation of 18 U.S.C. § 641. He was sentenced to five months in prison and ordered to pay $75,217 in restitution, reflecting the total loss from his conduct. This Court affirmed the conviction and sentence. *United States v. Dwumaah*, No. 06-1399, 181 Fed. App'x 309, 310 (3d Cir. 2006). The District Court denied post-conviction relief. *United States v. Dwumaah*,

3

No. 1:05-cr-00157, 2007 U.S. Dist. LEXIS 89459 (M.D. Pa. Dec. 5, 2007).[1]

In 2006, DHS amended the Notice to Appear in light of the conviction to include three additional charges of removability: (1) INA § 237(a)(2)(A)(i) (crime involving moral turpitude); (2) INA § 237(a)(1)(A) (inadmissible at time of adjustment of status); and (3) INA § 237(a)(3)(D) (false claim of United States citizenship). Dwumaah responded before the Immigration Judge ("IJ") by arguing that he is not removable under any of the grounds charged. He did not apply for asylum or other relief from removal.

The IJ concluded that DHS's decision to terminate the conditional permanent resident status was improper because DHS failed to prove by a preponderance of the evidence that the facts and information in Dwumaah's petition for adjustment of status were untrue. Accordingly, the IJ held that Dwumaah is not removable under § 237(a)(1)(D)(i). However, the IJ also concluded that DHS proved by clear and convincing evidence that Dwumaah is removable under § 237(a)(3)(D) for having

---

[1] The District Court noted that "[Dwuumah] admitted, both in his sentencing memorandum and in open court, that he used a false social security number to apply for and receive financial aid for his education. Moreover, ... [Dwuumah] gave a lengthy statement admitting to applying for and receiving loans and other benefits through the use of a false name and social security number." *United States v. Dwumaah*, 2007 U.S. Dist. LEXIS 89459, at *11 (quotation marks and citations to trial record omitted).

falsely claimed United States citizenship on his student loan applications.[2] After Dwumaah appealed, the BIA remanded the matter for the IJ to consider Dwumaah's eligibility for cancellation of removal under INA § 240A(a).

On remand, the IJ reaffirmed the finding that Dwumaah is removable for falsely claiming citizenship, and denied cancellation of removal. Dwumaah challenged both rulings on appeal, and the BIA affirmed. The BIA refused to disturb the finding that Dwumaah falsely claimed citizenship when applying for federal financial aid, concluding that the government met its burden by demonstrating removability through clear and convincing, albeit circumstantial, evidence. The BIA also agreed that Dwumaah is not entitled to cancellation of removal. Dwumaah timely filed his petition for review.

II.

---

[2] Although the IJ's final order stated that Dwumaah "is removable under section 237(a)(1)(A), 237(a)(2)(A)(i), and 237(a)(3)(D) of the Act," A.R. at 499, we agree with respondent that the IJ's April 13, 2007, opinion, and the subsequent October 23, 2008, opinion, clearly reflect that the finding of removability was based upon § 237(a)(3)(D). *See* Respondent's Br. at 13 n.3, 17 n.4. The BIA also limited its analysis to the question of removal under § 237(a)(3)(D). A.R. at 32-33.

We have jurisdiction under 8 U.S.C. § 1252(a). Where, as here, the BIA essentially adopted the IJ's findings and discussed the IJ's decision, we review the decisions of both the IJ and the BIA. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We review agency factual determinations under the substantial evidence standard and accept those determinations as conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). We exercise de novo review over legal determinations. *Toussaint v. Att'y Gen.*, 455 F.3d 409, 413 (3d Cir. 2006).

Dwumaah's sole challenge in this Court is to the determination that he is removable under INA § 237(a)(3)(D).[3] Section 237(a)(3)(D) provides in relevant part that "[a]ny alien who falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit under ... any Federal .. law is deportable." 8 U.S.C. § 1227(a)(3)(D). The government bears the burden to establish removability "by clear and convincing evidence." 8 U.S.C. § 1229a(c)(3)(A). "Only if [DHS] satisfies this burden, based on evidence presented at a hearing, may the immigration judge issue an order authorizing removal." *Duvall v. Att'y Gen.*, 436 F.3d 382, 388 (3d Cir. 2006). "No decision on deportability shall be valid

---

[3] Dwumaah does not challenge the denial of cancellation of removal in his opening brief, and thus we deem that issue waived. *See Lie v. Ashcroft*, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

unless it is based upon reasonable, substantial, and probative evidence." 8 U.S.C. § 1229a(c)(3)(A).

Dwumaah argues that DHS failed to meet its burden of proof because he never admitted that he completed the loan applications, and he objects that DHS made its case solely through circumstantial evidence linking him to the applications. These arguments are plainly insufficient. The record contains verified copies of Federal Student Aid applications for 1996-97 and 1997-98 submitted by "Simon Dwumaah." A.R. at 807-814. The applicant marked "yes" to indicate that he is a citizen of the United States and signed both forms. While Dwumaah claims no knowledge of these forms, he conceded that he applied for student loans, that he used the alias Simon Dwumaah when he did so, and that he attended the school listed on the applications. In addition, the forms set forth his correct home address and marital status, as well as a social security number and false date of birth that were linked to Dwumaah through his own admissions. Given this record, the IJ did not err in drawing the clear inference that Dwumaah completed the applications and falsely claimed citizenship for an improper purpose – a finding that is further supported by the undisputed record of his conviction for theft of government monies.

While Dwumaah correctly notes that DHS was unable to verify conclusively through forensic analysis that the signatures on the applications belonged to him, we discern no error in the IJ drawing a negative inference from Dwumaah's refusal to provide a handwriting exemplar. As the IJ observed, Dwumaah's mere denial of having completed the forms does not

undermine the clear and convincing evidence supporting the ground for removal.

In short, substantial evidence supports the finding that DHS met its burden of proving that Dwumaah falsely claimed citizenship on at least two occasions in connection with federal student loan applications. Because proof of even one false claim of citizenship supports removal under § 237(a)(3)(D), *Valenzuela-Solari v. Mukasey*, 551 F.3d 53, 58 (1st Cir. 2008), the charge of removability was properly sustained.

## III.

We have considered Dwumaah's remaining contentions but find them without merit and in need of no separate discussion. We will deny the petition for review.