**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3226
_____

KHAISTA BADSHAH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-734-358)
Immigration Judge:  Honorable Robert P. Owens
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2011
Before:  AMBRO, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion filed: July 25, 2011 )
_____

OPINION
_____

PER CURIAM

Khaista Badshah petitions for review of the Board of Immigration Appeals'

("BIA") final order of removal.  We will deny the petition.

I.

Badshah is a citizen of Pakistan who entered the United States in 1998 as a

nonimmigrant alien in transit and who concedes that he is removable for having overstayed his allowable period. See 8 U.S.C. § 1227(a)(1)(B). Following initial proceedings before an Immigration Judge ("IJ") and the BIA not relevant here, he applied for asylum, cancellation of removal and relief under the Convention Against Torture. Badshah claims that he was beaten in Pakistan because of his affiliation with the Pakistan Peoples Party ("PPP"). Badshah has been represented by counsel at all relevant times.

At a hearing on January 23, 2007, Badshah, through counsel, withdrew his application with prejudice in exchange for a grant of voluntary departure. The IJ granted him voluntary departure and entered an alternative order of removal. Badshah later retained new counsel, who filed a motion to reopen with the IJ. Badshah asserted in that motion that (1) he did not understand the proceedings on January 23 because he speaks a "unique dialect of the Urdu language" that the court-provided translator could not translate, and (2) he "felt pressured" by counsel to accept voluntary departure. (A.R. 245.) The IJ granted the motion and reopened proceedings on June 11, 2007.

At the next hearing on May 15, 2008, Badshah testified that, although he had been confused about certain legal points, he in fact understood everything that the translator (who had translated in Pashtun, which Badshah testified is his best language) had translated for him on January 23. (A.R. 123, 126, 136, 140-41.) The Government orally moved for an order of removal, but the IJ granted Badshah leave to file an application pursuant to In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), if he wished to seek reopening on the basis of ineffective assistance of prior counsel. Badshah, however, later sent the IJ

a letter informing him that current counsel had spoken with former counsel, understood his strategy, and that "we do not find it prudent to move forward with a Lozada claim against him." (A.R. 201.) The letter also asserted that "conditions have worsened" in Pakistan and requested permission to reinstate his application for relief on that basis.

The IJ held another hearing on September 10, 2008. At that hearing, Badshah argued that he should be permitted to proceed with his application because conditions in Pakistan had changed since he accepted voluntary departure. He argued that the leader of the PPP, Benazir Bhutto, had been assassinated, and that there had been "thousands" of bombings in Pakistan, "some" of which were directed at members of the PPP. (A.R. 172.) Badshah, however, presented no evidence in that regard, and instead reserved the right to file a formal motion to reopen on the basis of changed country conditions (which he never did). (A.R. at 191-92.)

At the conclusion of the hearing, the IJ rendered an oral decision: (1) construing the Government's motion for removal as a motion to reconsider the order reopening proceedings; (2) granting it and vacating the order reopening proceedings; (3) declining to reinstate Badshah's application on the basis of changed country conditions; and (4) entering another order granting Badshah additional time to voluntarily depart or be removed. The IJ later issued a written decision on September 12, 2008, to the same effect. The BIA summarized the IJ's reasoning and dismissed Badshah's appeal on June

3

29, 2010.  Badshah petitions for review.[1]

## II.

Badshah challenges the IJ's refusal to reinstate his application on the basis of changed country conditions.  Badshah's request that the IJ do so is best understood as a second motion to reopen.  Both the IJ and the BIA addressed that request on the merits and concluded that reopening was not warranted because the head of the PPP, Benazir Bhutto's widower, had been elected prime minister and the situation for members of the PPP was, if anything, better than when Badshah initially filed his application.  (BIA Dec. at 2, A.R. 4; IJ Oral Dec. at 3, A.R. 46; IJ Written Dec. at 2-4, A.R. 57-61.)  Badshah does not contest that conclusion.  Instead, he argues that the IJ committed two legal errors in denying reopening.  Both arguments lack merit.

First, Badshah argues that the IJ improperly required him to show a change in the nature of his underlying fear of persecution as opposed to a change in country conditions. See 8 C.F.R. § 1003.23(b)(3).  The IJ did refer to the unchanged nature of Badshah's fear, but he clearly cited and applied the correct standard:  "The salient question is what

---

[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).  We review the decisions of the IJ and the BIA together because the BIA summarized and adopted his analysis. See Dwumaah v. Att'y Gen., 609 F.3d 586, 588-89 (3d Cir. 2010).  We review decisions regarding reconsideration and reopening for abuse of discretion and may not disturb them unless they are "'arbitrary, irrational, or contrary to law.'" Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (citation omitted).  We review the Agency's legal conclusions de novo, but review its assessment of the record for substantial evidence and must uphold it unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. (quoting 8 U.S.C. § 1252(b)(4)(B)).

4

changes in country conditions have occurred that materially affect the respondent's individualized eligibility to apply for or to be granted asylum. The respondent failed to describe any such conditions." (IJ Written Dec. at 4, A.R. 61.) The BIA also properly focused on Badshah's allegations of changed country conditions. (BIA Dec. at 2, A.R. 4.)

Second, Badshah argues that the IJ improperly denied reopening on the ground that conditions in Pakistan "are fluid, are constantly changing." The IJ, however, was responding to Badshah's own argument that mere fluidity of conditions warranted reopening: "[T]he Court will not accept the invitation extended by counsel for the respondent to review the matters because the conditions in Pakistan are fluid, constantly changing. The Court must make its decision based upon the evidence of record." (IJ Oral Dec. at 3-4, A.R. 46-47.) Both the IJ and BIA did so, and Badshah has not challenged the substance of their conclusions.

In addition, Badshah argues that the IJ deprived him of the opportunity to present evidence regarding changed country conditions and abused his discretion in granting the Government's motion to reconsider its initial order of reopening. Badshah, however, did not exhaust these arguments by raising them before the BIA. (A.R. 12-22.) Thus, we lack jurisdiction to address them. See 8 U.S.C. § 1252(d)(1); Patel v. Att'y Gen., 619 F.3d 230, 232 n.1 (3d Cir. 2010). To the extent that Badshah's BIA brief might be construed to raise these issues, they lack merit. Badshah has neither specified what

5

evidence he wished to offer nor argued that he could not have presented it during the three months between the time he first raised the issue of changed conditions and the final hearing. He also has not challenged the IJ's finding that he understood the translator at the January 23 hearing, and our review of the record confirms that it is supported by substantial evidence.

Finally, Badshah requests that, if we deny his petition for review, we also provide him with additional time to voluntarily depart. The BIA permitted Badshah to voluntarily depart by August 3, 2010, and he filed his petition for review six days before that date. We lack the authority to extend his voluntary departure period because it terminated upon the filing of his petition for review. See Patel, 619 F.3d at 233-35 (discussing 8 C.F.R. § 1240.26(i)). If, however, it is feasible for the IJ to reinstate voluntary departure, we recommend he do so.

Accordingly, we will deny the petition for review.