BLD-018                                                      NOT PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1187
_____

RAUL WILFREDO MAYORGA-BARRENO
a/k/a Rafael Nunez-Mayorga

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                             Respondent

Raul Mayorga,
                                        Petitioner
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-539-978)
Immigration Judge:  Honorable Susan G. Roy
_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2011
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: November 9, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Raul Wilfredo Mayorga-Barreno has filed a petition for review of an order of the

Board of Immigration Appeals ("BIA") denying his motion to reconsider its earlier

decision summarily affirming an Immigration Judge's ("IJ") decision to pretermit his application for cancellation of removal. After Mayorga-Barreno filed his brief with this Court, the Government moved for summary action. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Because Mayorga-Barreno's brief contains no argument that the BIA erred in denying petitioner's reconsideration motion, and instead takes issue solely with the conclusions of the IJ, he has waived review of the only issues viable in this proceeding. Accordingly, we will grant the Government's motion and summarily deny Mayorga-Barreno's petition for review.

Because the parties are familiar with the facts, we present them only in brief summary here. Mayorga-Barreno is a native and citizen of Ecuador who was admitted to the United States on October 10, 1999, as a nonimmigrant visitor. Mayorga-Barreno stayed beyond the permissible period and was served with a Notice to Appear on April 12, 2007, charging him as an overstay. Petitioner, through counsel, conceded removability, and applied for relief in the form of cancellation of removal and, alternatively, voluntary departure. However, Mayorga-Barreno had a criminal record and had been found guilty of, inter alia, theft in violation of Mont. Code Ann. § 45-6-301(1). Petitioner's counsel agreed with the IJ that Mayorga-Barreno's theft conviction is a crime involving moral turpitude, thus rendering him ineligible for cancellation of removal as a matter of law under INA § 240A(b)(1)(C), 8 U.S.C. § 1229b(b)(1)(C). Accordingly, the IJ pretermitted petitioner's application for cancellation of removal in an Oral Decision and Order issued on April 21, 2009.

Additionally, the IJ found that the record evidence and counsel's concession supported the conclusion that Mayorga-Barreno failed to establish the continuous physical presence requirement that would demonstrate an eligibility for cancellation of removal. The IJ thus pretermitted petitioner's application for cancellation of removal on this alternate basis as well. Finally, given petitioner's numerous convictions and the fact that he provided several aliases to various law enforcement officials, the IJ exercised her discretion to deny Mayorga-Barreno's application for voluntary departure, and petitioner was ordered removed to Ecuador. The BIA affirmed the IJ's decision, without opinion, in an order dated April 12, 2010.

Mayorga-Barreno returned to the BIA with a timely motion seeking reconsideration of its earlier decision. Petitioner provided no substantive argument, but simply asserted that reconsideration was warranted on the basis of the decisions by the United States Supreme Court in Padilla v. Kentucky, 130 S. Ct. 1473 (2010), and the New Jersey Supreme Court in State v. Nunez-Valdez, 975 A.2d 418 (N.J. 2009), dealing with claims of ineffective assistance for counsel's failure to advise clients of the immigration consequences of their guilty pleas. The BIA denied petitioner's reconsideration motion in an order issued on December 28, 2010. The BIA noted that Mayorga-Barreno has multiple convictions in different jurisdictions and failed to provide any evidence that his state convictions have been vacated on account of counsel's ineffective representation. The BIA concluded that reconsideration was not warranted given that it had nothing before it other than petitioner's "generic collateral attacks on criminal convictions, which

3

are supported by no more than a bare assertion that the convictions were improper" under

Padilla and Nunez-Valdez.  BIA's Order of 12/28/10 at 1.  On January 24, 2011,

Mayorga-Barreno filed this petition for review.

In his opening brief, Mayorga-Barreno challenges the IJ's decision to pretermit his

application for cancellation of removal.  Specifically, Mayorga-Barreno argues that the IJ

erred in concluding that his misdemeanor theft conviction precluded him from applying

for cancellation of removal, and that the IJ should have allowed him to present evidence

regarding the hardship his son would face if he is removed.  Unfortunately for petitioner,

this Court does not have jurisdiction to review the BIA's April 12, 2010 order summarily

affirming the IJ's decision because Mayorga-Barreno did not file his petition for review

within thirty days of that order.[1]  See 8 U.S.C. § 1252(b)(1) (providing that a petition for

review must be filed not later than thirty days after the date of the final order of removal).

 The petition for review was, however, timely with respect to the BIA's December 28,

2010 order declining to reconsider its previous dismissal of the appeal.  Therefore, this

Court has jurisdiction to review the BIA's December 28, 2010 order.

That said, Mayorga-Barreno's counseled brief does not contain any argument

whatsoever pertaining to the BIA's December 28, 2010 order.  Rather, as noted above,

Mayorga-Barreno's brief focuses solely on the IJ's decision underlying the BIA's earlier

order of April 12, 2010.  We thus deem any challenge to the December 28, 2010 order to

---

[1]  Mayorga-Barreno's motion for reconsideration did not toll the time for filing a petition for review of the BIA's April 12, 2010 decision.  Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405 (1995).

be waived.  See <u>Dwumaah v. Att'y Gen.</u>, 609 F.3d 586, 589 n.3 (3d Cir. 2010) (<u>citing</u> <u>Lie v. Ashcroft</u>, 396 F.3d 530, 532 n.1 (3d Cir. 2005)); <u>see</u> <u>also</u> <u>Ghana v. Holland</u>, 226 F.3d 175, 180 (3d Cir. 2000) (holding that appellate arguments may not be raised for the first time in a reply brief).

Because Mayorga-Barreno has abandoned the only issues available to him in this proceeding, his petition for review presents us with "no substantial question."  3d Cir. I.O.P. 10.6.  Accordingly, we will grant the Government's motion and summarily deny the petition for review.