**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1452
_____

HACER CAKMAKCI,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-521-211)
Immigration Judge:  Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 12, 2011
Before:  AMBRO, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion filed: December 1, 2011)
_____

OPINION
_____

PER CURIAM

Hacer Cakmakci has filed a petition for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings. For the reasons that follow, we will deny the petition for review.

Because the parties are familiar with the background, we will present it in brief summary. Cakmakci is a native and citizen of Turkey. She entered the United States in April 2005 without valid travel documents, and she was placed into removal proceedings. In her removal proceedings, she appeared pro se and filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). After an evidentiary hearing on April 19, 2006 and closing arguments on May 9, 2006, the IJ found Cakmakci to be not credible, denied all relief, and ordered her removal. Cakmakci appealed through counsel. On May 12, 2008, the BIA affirmed and adopted the IJ's decision. The BIA noted that no appellate brief was filed, and no documentary evidence was submitted to support Cakmakci's new claim of mental incompetence. The BIA also concurred with the IJ's finding that, even if credible, Cakmakci failed to meet her burden of proof for her claims. In June 2008, Cakmakci filed a pro se motion to reconsider and reopen, arguing that appellate counsel was ineffective and that she could not present her story at the hearing before the IJ because of tremendous pressure. On October 31, 2008, the BIA construed the motion as a motion to reopen and denied the motion. The BIA concluded that, aside from the ineffective assistance of counsel issue, Cakmakci presented nothing to establish her prima facie eligibility for asylum, withholding or removal, or CAT relief if her proceedings were reopened.

2

Cakmakci filed a petition for review of the BIA's denial of her motion to reopen. We denied the petition for review, concluding that the BIA did not commit an abuse of discretion. We also noted that we lacked jurisdiction to review Cakmakci's due process claim and claim of incompetence at her hearing before the IJ, because she did not file a timely petition for review of the BIA's May 12, 2008 decision affirming and adopting the IJ's May 9, 2006 decision. Cakmakci v. Att'y Gen., C.A. No. 08-4628, slip op. at 4-5 (3d Cir. Apr. 15, 2010).

In May 2010, Cakmakci filed another motion to reopen with the BIA. She raised a new claim of feared persecution in Turkey based on her discovery of her Jewish heritage and on her practice of Orthodox Judaism. On January 19, 2011, the BIA denied the motion to reopen. The BIA noted that the motion was untimely and number-barred under applicable law. Further, the BIA determined that Cakmakci did not qualify for an exception to the ninety-day filing rule, stating that she had not shown that information relating to her claim could not have been discovered or presented at the hearing before the IJ in May 2006, and that she had not shown that conditions in Turkey have changed materially since the hearing.

This petition for review followed. We have jurisdiction pursuant to 8 U.S.C. § 1252 to review the BIA's denial of Cakmakci's motion to reopen, and we apply the abuse of discretion standard to our review. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Thus, to succeed on her petition for review, Cakmakci must show that the BIA's decision was somehow arbitrary, irrational, or contrary to law. See id.

3

Cakmakci makes no such showing here. In fact, she presents no argument at all in her brief regarding the BIA's January 19, 2011 denial of her motion to reopen. We thus deem any challenge to that decision to be waived. See Dwumaah v. Att'y Gen., 609 F.3d 586, 589 n.3 (3d Cir. 2010) (citing Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005)).

Cakmakci's arguments in her brief solely concern the merits of the IJ's May 2006 decision denying her application for withholding of removal and the BIA's May 2008 decision affirming and adopting the IJ's decision. As we noted in Cakmakci's prior petition for review, we lack jurisdiction to review her arguments relating to these underlying agency decisions because she did not file a timely petition for review of those decisions. See 8 U.S.C. § 1252(b)(1); Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405 (1995).

We will deny the petition for review.