NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2215
_____

HIREN PATEL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-924-043)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2011

Before:  SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Filed:December 5, 2011 )
_____

OPINION OF THE COURT
_____

PER CURIAM.

As we write primarily for the parties, who are familiar with the background of this

petition for review, we will but briefly recapitulate the relevant facts.  Patel is a Hindu

citizen of India from the western state of Gujarat.  Departing India on April 21, 2005,

Patel fled to Guyana and then Brazil, before crossing into the United States near Hidalgo, Texas, on March 23, 2007. He was eventually apprehended and put into removal proceedings.

Patel filed an asylum application on February 9, 2008, claiming he was persecuted in India due to his status as an outspoken member of the Bharatiya Janata Party (BJP). The presiding Immigration Judge (IJ) denied his application, finding that Patel had not testified credibly about his experiences in India and had failed to independently establish a likelihood of future persecution.[1] Administrative Record (A.R.) 31, 44. Alternatively, the IJ concluded, "even if he were credible, I do not believe he has a valid claim in light of the fact that he could relocate in his home country, where he is part of the 80 percent majority Hindu population and the Muslims who he claims he is having the problems with represent 13 percent of the population in India." A.R. 42. The Government "ha[d] been successful in proving the respondent has been able to relocate." A.R. 44.

The Board of Immigration Appeals (BIA) dismissed Patel's appeal, as "even assuming that the Immigration Judge's negative credibility determination on the issue of past persecution [was] clearly erroneous," Patel had failed to "address the Immigration Judge's holding that even if his alleged mistreatment is credited, the government met its

---

[1] See 8 U.S.C. § 1101(a)(42)(A) (defining "refugee" as one who suffers persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion); 8 C.F.R. § 1208.13(b)(1) (successfully demonstrating past persecution yields presumption of well-founded fear of future persecution); see also Huang v. Att'y Gen., 620 F.3d 372, 380–81 (3d Cir. 2010); Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003).

burden in rebutting the presumption of future persecution by presenting country conditions which show that internal relocation is a viable option."[2] A.R. 3–4. This petition for review followed, challenging only the asylum and withholding of removal outcomes.[3]

We have jurisdiction under 8 U.S.C. § 1252 to review the decision of the BIA, although we may review the IJ's opinion to the extent that the BIA "substantially relied on that opinion." Camara v. Att'y Gen., 580 F.3d 196, 201 (3d Cir. 2009). "We apply substantial evidence review to agency findings of fact, departing from factual findings only where a reasonable adjudicator would be compelled to arrive at a contrary conclusion." Demandstein v. Att'y Gen., 639 F.3d 653, 655 (3d Cir. 2011) (per curiam) (citations, quotations omitted). Due to the way in which the BIA resolved Patel's appeal, the only issue properly before us is whether the agency decisions, which found the Government to have rebutted the presumption of (to the extent one existed) or an independent fear of future persecution by showing both the plausibility of relocation within India and changed country conditions, see Cheng v. Att'y Gen., 623 F.3d 175, 183 n.4 (3d Cir. 2010), were supported by substantial record evidence.[4] See Konan v. Att'y

_____

[2] See Gambashidze v. Ashcroft, 381 F.3d 187, 192–93 (3d Cir. 2004) (discussing relocation and burden of proof).

[3] Patel waived Convention Against Torture claims by not including them in his opening brief. See Dwumaah v. Att'y Gen., 609 F.3d 586, 589 n.3 (3d Cir. 2010) (per curiam).

[4] In his opening brief, Patel continues to assail the IJ's adverse credibility finding, and argues that the agency decisions against him are rendered problematic, even in the independent alternative, by the mere presence an adverse credibility determination. We do not agree with this premise, as nothing forbids the BIA from assuming credibility and

3

Gen., 432 F.3d 497, 501 (3d Cir. 2005) ("It is a bedrock principle of administrative law that judicial review of an agency's decision is limited to the rationale that the agency provides.").

We conclude that the decisions are supported by the record. First, the country reports suggest that the BJP was the dominant political force in Gujarat by 2008, A.R. 299, and much of the material regarding violence in Gujarat dates from far before this time—indeed, there is a discussion of anti-*Muslim* violence instigated by the BJP, but little detailing the converse. See, e.g., A.R. 297 ("The vast majority of persons of every religious group lived in peaceful coexistence; however, there were organized communal attacks against minority religious groups, particularly in states governed by the BJP."); see also A.R. 304. This shift in power may have plausibly neutralized whatever threat Patel would have faced in Gujarat. With regard to the question of relocation, the Government had the burden of proof of showing that Patel "could avoid future persecution by relocating to another part" of India. 8 C.F.R. § 1208.13(b)(1)(i)(B), (b)(1)(ii); Wang v. Gonzales, 405 F.3d 134, 139 (3d Cir. 2005). India is a large, populous nation, with a sizeable Hindu majority; moreover, the BJP, of which Patel is a member, held power in several states as of 2008, including Gujarat. See A.R. 298–99. We are not unsympathetic to Patel's depiction of the hardship of relocation, but we

_____

denying asylum regardless. Cf. Li v. Att'y Gen., 400 F.3d 157, 164 (3d Cir. 2005) (when BIA identified error, assumed credibility, and found the petitioner to have nevertheless failed to satisfy the requirements for asylum, we reviewed "the BIA's legal conclusions assuming the credibility of" the testimony).

4

observe that he already *has* relocated in similar circumstances, and it would therefore be reasonable to conclude that he can conduct his business elsewhere in the country if need be, especially given the sizeable sphere of BJP influence.

As we conclude that substantial record evidence supports the agency denial of Patel's request for asylum, it follows that his application for withholding of removal, relief which involves a "more stringent applicable standard," was also properly denied. See Murdic v. Att'y Gen., 469 F.3d 94, 102 n.8 (3d Cir. 2006).

Thus, for the foregoing reasons, we will deny the petition for review.