**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2706
_____

ZHEN TONG GUO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A070-894-216)
Immigration Judge:  Honorable Donald Ferlise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2012

Before: AMBRO, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: January 4, 2012)
_____

OPINION
_____

PER CURIAM

Zhen Tong Guo, a native and citizen of China, timely petitions for review of the

Board of Immigration Appeals (BIA) decision that denied his motion to reopen.  We have

carefully reviewed the record and will deny the petition for review for the reasons that

follow.

In the present motion to reopen—his fourth[1]—Guo requested that the BIA "reopen his removal proceedings based on exceptional and changed circumstances in the People's Republic of China and a change in applicable federal appellate legal precedent." Administrative Record (A.R.) 20. He claimed that the new evidence he submitted to the BIA, which included documents demonstrating "more aggressive population control policy practiced by local authorities toward overseas returnees," showed that "the Chinese government still s[ought] to persecute him due to his refusal to comply with the local birth control regulations," a matter exacerbated by the recent birth of another child in the United States. A.R. 21, 24. Guo separately requested that the BIA exercise its sua sponte authority to reopen his case.

The BIA declined to reopen proceedings. After recounting the history of the case thus far and summarizing the applicable standards, the BIA took an inventory of Guo's most recent evidentiary submissions:

> The respondent offers evidence which he previously submitted, including his marriage certificate and the birth certificate of his child born in the United States. He also offers his affidavit, a letter and identity card from his mother in China, and a document that purports to be a notice from the Family Planning Office of People's Government of Tingjiang County, Mawei District in Fuzhou City.

---

[1] As the parties have demonstrated their familiarity with the disposition of Guo's prior motions and his underlying asylum application, we decline to recite the procedural history of this case—which, in any event, is not germane to our opinion today. We do observe, however, that this is the first petition for review that Guo has filed in this Court.

2

A.R. 4. It ultimately concluded that Guo had failed to meet "the requirements of section 240(c)(7)(C)(ii) of the [Immigration and Nationality Act] because his evidence is inadequate to establish a change in circumstances or country conditions 'arising in the country of nationality' so as to create an exception to the time and number limitation for filing a motion to reopen to apply for asylum." A.R. 4 (citing, inter alia, 8 C.F.R. § 1003.2(c)(3)(ii)). Therefore, he had not "met his burden to demonstrate that his deportation proceedings should be reopened." A.R. 5. The BIA separately declined to exercise its sua sponte authority to reopen. A.R. 5.

This petition for review followed. Guo raises what is essentially an evidentiary argument, claiming that the BIA abused its discretion by failing to properly address and weigh the submitted documents. See, e.g., Pet'r's Br. 14 ("The BIA merely arbitrarily ruled that the Mr. Guo's evidence is inadequate to establish a change in circumstances or country conditions, without any discuss [*sic*] referring to specific evidentiary document[s]."). Guo also claims that the BIA erred in determining that the material submitted was not properly authenticated. See Pet'r's Br. 14–15. Were the evidence to have been properly considered, Guo avers, he would have made a prima facie case of a well-founded fear of future persecution.[2]

---

[2] The Government points out, and quite accurately, that Guo has waived consideration of the BIA's sua-sponte-relief decision by failing to discuss the issue in his opening brief. See Dwumaah v. Att'y Gen., 609 F.3d 586, 589 n.3 (3d Cir. 2010). Regardless, we would be without jurisdiction to review the BIA's exercise of its sua sponte authority. Pllumi v. Att'y Gen., 642 F.3d 155, 159 (3d Cir. 2011).

3

We have jurisdiction pursuant to 8 U.S.C. § 1252(a).  This Court reviews denials of motions to reopen under a deferential abuse of discretion standard.  See INS v. Doherty, 502 U.S. 314, 323 (1992); Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005).  "Discretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law.'"  Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (citations omitted); see also Caushi v. Att'y Gen., 436 F.3d 220, 231 (3d Cir. 2006).

In general, an alien "may file *one* motion to reopen proceedings," which must be filed with the BIA "*within 90 days* of the date of entry of a final administrative order of removal."  8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i) (emphasis added).  However, these "time and numerical limitations" do not apply to motions "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."[3]  8 C.F.R. § 1003.2(c)(3), (c)(3)(ii); see also 8 U.S.C. § 1229a(c)(7)(C)(ii).

Having reviewed the record for the petition for review currently before us, we cannot agree with the petitioner that the BIA abused its discretion.  While the agency did not expound, at length, on the new material, it *did* both acknowledge the submissions and explain why, in aggregate, they were lacking.  The BIA need not "write an exegesis" on

---

[3] We have held that the "previous hearing" refers to the original proceedings before the presiding Immigration Judge.  Filja v. Gonzales, 447 F.3d 241, 252 (3d Cir. 2006).

4

every contention; rather, its "analysis merely must be adequate to allow for meaningful review of [its] decision." Toussaint v. Att'y Gen., 455 F.3d 409, 414 (3d Cir. 2006) (citation omitted). None of the evidence proffered by Guo demonstrated how country conditions had *changed*—an essential element for surmounting the time and number limitations otherwise placed on motions to reopen.[4] As "[t]he burden of proof on a motion to reopen is on the alien to establish eligibility for the requested relief," Pllumi, 642 F.3d at 161, we cannot conclude that the agency outcome was an abuse of discretion, since we agree with the BIA that Guo's "evidence [was] inadequate to establish a change in circumstances or country conditions . . . so as to create an exception to the time and number limitation."[5] A.R. 4.

For the foregoing reasons, we will deny the petition for review. The stay we imposed on August 29, 2011, is hereby lifted.

---

[4] Indeed, the cases cited by Guo are instructive as to why his filings are lacking. For example, in Poradisova v. Gonzales, 420 F.3d 70 (2d Cir. 2005), the petitioners submitted "numerous recent reports on Belarus" that the BIA inaccurately described as "merely cumulative." Id. at 81–82. Guo's submissions are smaller in scope and in sweep. Nor is this a case about whether documents could be introduced into the record, as was the question in Zhao v. Gonzales, 404 F.3d 295, 305 (5th Cir. 2005).

[5] As the BIA's decision is supportable on this independent basis, we need not separately analyze its authentication outcome.