**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-1084

_____

GAMAL AHAMED ASHRIA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A029-110-064)
Immigration Judge: Honorable Donald Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2012
Before:  JORDAN, HARDIMAN AND ALDISERT, Circuit Judges

(Opinion filed:  May 10, 2012)
_____

OPINION
_____

PER CURIAM

        Gamal Ahmed Ashria seeks review of the Board of Immigration Appeals' ("BIA"

or "Board") denial of his motion to reopen.  For the reasons that follow, we will deny the

petition for review.

Ashria, a native and citizen of Sudan, entered the United States in January 1988. The following year, he was granted conditional permanent resident status based on his marriage to Sharon Brown. On September 3, 1993, his status was terminated because he and his wife failed to appear together for interviews relating to their earlier application to remove the conditional basis of his status.

That same day, the former Immigration and Naturalization Service ("INS") served Ashria with an Order to Show Cause and Notice of Hearing before an immigration judge ("IJ"), charging that he was deportable under former INA § 241(a)(1)(D)(i) [8 U.S.C. § 1251(a)(1)(D)(i) (1994)], as his conditional status was terminated. On January 18, 1996, Ashria admitted the allegations in the Order to Show Cause and conceded deportability. At the conclusion of an administrative hearing on May 22, 1996, the IJ ordered Ashria removed to Sudan.[1] Ashria appealed and, on March 29, 2001, the Board dismissed his appeal, finding that Ashria did not adequately explain why he and his wife failed to appear jointly for interviews related to his conditional permanent resident status. He did not appeal that determination to this Court.

On November 21, 2011, Ashria filed a motion to reopen with the BIA. In his motion, Ashria stated that he never received notice of the Board's 2001 decision from his lawyer. In a December 22, 2011 decision, the BIA denied the motion to reopen as untimely filed. The BIA determined that equitable tolling was not warranted because

---

[1] Contrary to Ashria's assertion, he was not ordered removed *in absentia*. (See Administrative Record ("A.R.") at 90-103.)

Ashria failed to comply with the requirements set forth in Matter of Lozada,

19 I. & N. Dec. 637 (BIA 1988), for bringing an ineffective assistance of counsel claim

against his former attorney.[2] See Lu v. Ashcroft, 259 F.3d 127, 129 (3d Cir. 2001)

(holding that "the Lozada requirements are a reasonable exercise of the Board's

discretion."). The Board further determined that even if Ashria had satisfied the Lozada

requirements, he failed to demonstrate due diligence in raising the ineffectiveness claim

in a motion to reopen. Lastly, the BIA declined to exercise its discretion to reopen the

proceedings sua sponte.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a).[3] We review the denial of a

motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir.

2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary,

irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

After carefully reviewing the record and Ashria's arguments on appeal, we conclude that

the BIA did not abuse its discretion in denying the motion to reopen.

---

[2] Lozada requires petitioners claiming ineffective assistance to: (1) provide an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide an opportunity to respond; and (3) either file a disciplinary complaint against former counsel or explain why they have not done so. Rranci v. Att'y Gen ., 540 F.3d 165, 172 (3d Cir. 2008) (quoting Lozada, 19 I. & N. at 639).

[3] To the extent that Ashria seeks review of the BIA's March 29, 2001 decision, we lack jurisdiction to review that decision. See INA § 242(b)(1); Stone v. INS, 514 U.S. 386, 405 (1995). Additionally, Ashria has waived consideration of the BIA's sua-sponte-relief decision by failing to discuss the issue in his opening brief. See Dwumaah v. Att'y Gen., 609 F.3d 586, 589 n.3 (3d Cir. 2010). Regardless, we would be without jurisdiction to review the BIA's exercise of its sua sponte authority to decline to reopen the proceedings. Pllumi v. Att'y Gen., 642 F.3d 155, 159 (3d Cir. 2011).

A motion to reopen removal proceedings is to be filed "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The BIA issued a final order of removal in March 2001, and Ashria did not file his motion to reopen until November 2011. Ashria's motion is clearly untimely. The BIA has recognized, however, that the period may be equitably tolled due to ineffective assistance of counsel, if such allegations are substantiated and accompanied by a showing of due diligence. Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011).

As an initial matter, we disagree with the BIA that Ashria failed to satisfy the Lozada requirements. Ashria submitted an affidavit setting forth the relevant facts of his case and provided copies of letters that he sent to his former attorney. (A.R. at 39-47.) Ashria also submitted an acknowledgement letter from the United States Department of Justice informing Ashria that his allegations of attorney misconduct would be reviewed. (Id. at 38.)

Despite that error, we conclude that the BIA did not abuse its discretion in determining that Ashria was not diligent in pursuing his motion to reopen based on counsel's alleged error. See Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005); see also Rashid v. Mukasey, 533 F.3d 127, 131 (2d Cir. 2008) (stating that alien must demonstrate due diligence during "period of discovering counsel's ineffectiveness" and "period between such discovery and filing" of motion to reopen). Indeed, Ashria acknowledged that he was aware, as early as March 2002, that counsel failed to notify him about the outcome of his administrative appeal. (A.R. at 40.) Ashria did not explain

4

in his motion to reopen why he waited until 2011 to file a motion to reopen asserting counsel's alleged error. We therefore conclude that the BIA's decision to deny reopening as untimely was not arbitrary, irrational, or contrary to law. Sevoian, 290 F.3d at 174.

For the foregoing reasons, we will deny the petition for review.