**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3266
_____

KARIM AHMED DAOUD MAHMOUD SALEM,
a/k/a David Daoud, a/k/a Karim Daoyd,
                                        Petitioner
                    v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-493-273)
Immigration Judge:  Dorothy Harbeck
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2012
Before:  SMITH, GREENAWAY, JR. and WEIS, Circuit Judges

(Opinion filed:  November 28, 2012)
_____

OPINION
_____

PER CURIAM.

    Karim Ahmed Daoud Mahmoud Salem ("Daoud") petitions for review of an order

of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal

proceedings.  We will deny the petition for review.

Because the parties are familiar with the background, we will present it in brief summary. Daoud is a native and citizen of Egypt. He entered the United States in May 2004 as a B-1 nonimmigrant visitor for business, with authorization to remain in the United States until June 17, 2004. Daoud began working without authorization of the Department of Homeland Security ("DHS") and did not depart the United States by June 17, 2004. DHS charged him with removability for remaining in the United States longer than permitted (8 U.S.C. § 1227(a)(1)(B)) and for failing to comply with the conditions of his nonimmigrant status (8 U.S.C. § 1227(a)(1)(C)). The Immigration Judge ("IJ") sustained the removability charges and concluded that the only relief available to Daoud was voluntary departure. The IJ did not immediately enter a decision granting voluntary departure. Instead, the IJ granted continuances so that Daoud could retain counsel, and-- after Daoud presented proof of his marriage to a United States citizen--to allow Daoud and his wife to pursue an I-130 immigrant visa petition so that he could apply to adjust his immigration status. Ultimately, Citizenship and Immigration Services ("CIS") denied the visa petition that had been filed on Daoud's behalf.

Daoud's immigration proceedings were reopened in 2008, and he obtained representation by counsel. After a hearing, in December 2008, the IJ entered a decision granting voluntary departure within thirty days, with an alternate order of removal to Egypt. Daoud appealed that decision to the BIA, alleging that his immigrant visa petition had been re-filed with CIS and that the matter should be remanded to the IJ. On June 29, 2010, the BIA dismissed Daoud's appeal, noting that Daoud failed to include any

2

evidence regarding that visa petition, failed to identify any errors in the IJ's decision, and failed to demonstrate prima facie eligibility for adjustment of status. The BIA granted Daoud an additional sixty days to depart the United States voluntarily.

On August 9, 2010, Daoud filed a "motion to reopen" with the BIA, claiming that the IJ refused to permit Daoud's then-wife to file a new immigrant visa petition.[1] In its January 26, 2011 decision, the BIA noted that Daoud alleged no new facts and essentially asserted only that the BIA erred in its prior decision. Thus construing the motion as a motion to reconsider rather than a motion to reopen, the BIA denied the motion, concluding that it was untimely and, in any event, failed to demonstrate any error or basis for reconsideration.

On February 25, 2011, Daoud filed a "motion to reconsider" with the BIA. In the motion, he explained his new circumstances, including his divorce from his first wife, his marriage to another United States citizen with whom he had a child, and his pending immigrant visa petition filed on his behalf by his current wife. Daoud submitted documentation in support of his motion. On July 28, 2011, the BIA denied the motion. The BIA noted that Daoud did not identify any error of fact or law, as is required under 8 C.F.R. § 1003.2(b)(2), for a motion to reconsider. Because Daoud sought to introduce

---

[1] The filing of Daoud's motion automatically terminated the grant of voluntary departure, and the alternate order of removal to Egypt immediately took effect. See 8 C.F.R. § 1240.26(c)(3)(iii), (e)(1). Cf. Patel v. Att'y Gen., 619 F.3d 230, 234-35 (3d Cir. 2010) (discussing automatic termination of the grant of voluntary departure upon filing of a petition for review).

3

new evidence and sought a new hearing, the BIA determined that the motion was, in substance, a motion to reopen. As such, under 8 U.S.C. § 1229a(c)(7)(C)(i) and 8 C.F.R. § 1003.2(c)(2), the motion to reopen should have been filed within ninety days of the final administrative order. In Daoud's case, the final administrative order was the June 29, 2010 order dismissing his appeal from the IJ's decision. The BIA concluded that the motion was untimely and did not fall within any statutory or regulatory exception to the deadline. The BIA also declined to exercise its discretionary authority to reopen the proceedings sua sponte.

This petition for review followed. We have jurisdiction pursuant to 8 U.S.C. § 1252 to review the BIA's denial of Daoud's motion to reopen, and we apply the abuse of discretion standard to our review. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Thus, to succeed on his petition for review, Daoud must show that the BIA's decision was somehow arbitrary, irrational, or contrary to law. See id.

Daoud makes no such showing here. As an initial matter, we note that the petition for review pertains to the BIA's July 28, 2011 decision only. To the extent that Daoud's arguments concern the underlying December 2008 decision by the IJ, we lack jurisdiction to review the arguments because Daoud did not file a timely petition for review of the BIA's June 2010 decision affirming the IJ's decision. See 8 U.S.C. § 1252(b)(1); Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405 (1995). Further, Daoud presents no argument to challenge the BIA's dispositive findings that Daoud's "motion to reconsider" was in the nature of a motion to reopen, and as such, it was untimely. We

4

thus deem any challenges to these issues to be waived. See Dwumaah v. Att'y Gen., 609 F.3d 586, 589 n.3 (3d Cir. 2010) (citing Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005)). Daoud does argue that the BIA's decision denying reopening was arbitrary and capricious, because the new evidence of the new events in his life must be considered as a matter of fairness. See Pet'r Br. at 5-6. However, we are without jurisdiction to review the BIA's exercise of discretionary authority to reopen the proceedings sua sponte. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003). See also Pllumi v. Att'y Gen., 642 F.3d 155, 159 n.6 (3d Cir. 2011) (noting that Kucana v. Holder, 558 U.S. 233, 130 S. Ct. 827, 839 n.18 (2010), did not affect our precedent dictating that we generally lack jurisdiction to review the BIA's denial of sua sponte reopening).[2]

Finally, we note that Daoud has filed a motion to remand the proceedings. In support, he states that an immigrant visa petition filed on his behalf was recently approved, and his application for adjustment of status to that of a permanent resident is pending before CIS. We will deny the motion. The evidence of the recently approved immigrant visa petition and pending application to adjust status is beyond the scope of our review, as the documents are not contained in the administrative record. See 8 U.S.C. § 1252(b)(4)(A). Moreover, the new circumstances do not impact the validity of the BIA's decision to deny Daoud's motion to reopen as untimely.

---

[2] We do have jurisdiction to review whether the BIA has applied an incorrect legal premise in its decision to deny sua sponte reopening. See Pllumi, 642 F.3d at 160. Such is not the case here, where the BIA's determination was based on its determination that no "exceptional" circumstance was present.

5

For the foregoing reasons, we will deny the petition for review. Daoud's motion to remand is denied.