NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4437
_____

BHARAT VASU,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                    Respondent
_____

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(Agency No. A028-410-230)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 18, 2015
_____

Before: FUENTES, GREENAWAY, JR., and SLOVITER, *Circuit Judges*.

(Opinion Filed: May 20, 2015)

_____

OPINION*
_____

_____

      * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Bharat Vasu, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider its prior denial of Vasu's motion to reopen his removal proceedings. We find no abuse of discretion in the BIA's decision; accordingly, we will deny the petition for review.

Vasu was admitted to the United States in 1988 as a lawful permanent resident. In 2002, he was placed in removal proceedings based on a prior conviction. Vasu failed to appear at his removal hearing; the Immigration Judge ("IJ") therefore entered an order of removal in absentia against Vasu.

On March 18, 2014, more than ten years after the IJ's order of removal was entered, Vasu filed a second motion to reopen with the BIA.[1] Vasu acknowledged his motion was untimely, but claimed his counsel was ineffective throughout his removal proceedings and in connection with his first motion to reopen and corresponding appeal to the BIA. The BIA denied Vasu's second motion to reopen, finding that he failed to show due diligence in making his claim of ineffective assistance of counsel. Specifically, the BIA noted that Vasu did not claim he was unaware of the BIA's dismissal of his administrative appeal in 2003, and had not otherwise shown due diligence in pursuing his ineffective assistance of counsel claim. Vasu filed a motion for reconsideration. The

---

[1] Vasu had previously filed a timely motion to reopen and rescind, as well as a separate motion to reconsider. The IJ denied Vasu's motions. Vasu appealed to the BIA. The BIA affirmed the IJ's ruling. Vasu did not seek judicial review of that decision.

BIA denied his motion. Vasu brought the instant appeal on the sole basis that the BIA abused its discretion in finding he did not exercise due diligence.[2]

An alien faces number and time limitations on filing motions to reopen. Generally, an alien may file only one motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A). Further, an alien who is ordered removed in absentia must: (1) file a motion to reopen within 180 days of the date of entry of the final order of removal; (2) and demonstrate that his failure to appear was due to exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i). Vasu's second motion to reopen, presented to the BIA more than ten years after the BIA affirmed the IJ's order in this case, was clearly untimely.

While ineffective assistance of counsel may provide a basis for equitable tolling for filing a motion to reopen, an alien must substantiate his claim and demonstrate due diligence in discovering he has been misled or injured. *See Mahmood v. Gonzales*, 427 F.3d 248, 252–53 (3d Cir. 2005); *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011) (per curiam). Due diligence must be "exercised over . . . both the period of time before the ineffective assistance of counsel was or should have been discovered and the period

_____

[2] The BIA had jurisdiction to review the IJ's decision under 8 C.F.R. § 1003.1(b)(3). We retain jurisdiction to review constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." *Kamara v. Att'y Gen.*, 420 F.3d 202, 211 (3d Cir. 2005) (citations and quotations omitted). The facts at this stage are undisputed. The BIA accepted Vasu's factual assertions in his affidavit and the parties do not dispute the factual record on appeal. Jurisdiction therefore is proper under 8 U.S.C. § 1252(a)(2)(D). We review denials of a motion to reopen or a motion to reconsider for abuse of discretion. *Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011). "We give the BIA's decision broad deference and generally do not disturb it unless it is 'arbitrary, irrational, or contrary to law.'" *Id.* (quoting *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006)).

from that point until the motion to reopen is filed." *Alzaarir*, 639 F.3d at 90 (citation and internal quotation marks omitted). By his own account, Vasu became aware that he had been ordered removed from the United States, "[s]hortly after November 14, 2002." App. 199. As Vasu did not account for the period of delay in pursuing his ineffectiveness claim between 2002 and 2014, the BIA did not abuse its discretion in concluding that Vasu had not established due diligence. *See Mahmood*, 427 F.3d at 253 ("[P]eriods of unaccounted-for delay reveal a lack of diligence.").[3]

For the foregoing reasons, we will deny the petition for review.

---

[3] The BIA also found that there were no exceptional circumstances that would warrant sua sponte reopening under 8 C.F.R. § 1003.2(a). Vasu does not challenge that aspect of the BIA's decision, and thus we deem the issue waived. *See Dwumaah v. Att'y Gen.*, 609 F.3d 586, 589 n.3 (3d Cir. 2010).

4