**PRECEDENTIAL**

FOR THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1944
_____

GEORGE ACUPANDA CADAPAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No.:  A077-045-577)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted under Third Circuit LAR 34.1(a)
March 3, 2014

(Opinion filed: March 20, 2014)

Before:  RENDELL, SMITH and HARDIMAN, <u>Circuit Judges</u>

Valerie A. Burch, Esquire
The Shagin Law Group
The Inns of St. Jude
120 South Street
Harrisburg, PA   17101

            Counsel for Petitioner



Christina J. Martin, Esquire
Carmel A. Morgan, Esquire
United States Department of Justice
Office of Immigration Litigation, Civil Division
P. O. Box 878
Ben Franklin Station
Washington, DC  20044

            Counsel for Respondent

_____

## OPINION

**RENDELL**, Circuit Judge:

Petitioner George Acupanda Cadapan, a native and citizen of the Philippines and a lawful permanent resident of the United States, petitions for review of the decision by the Board of Immigration Appeals ("BIA") finding him removable for having been convicted of an "aggravated felony" pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1101(a)(43)(A). He argues that his conviction under the Pennsylvania indecent assault statute, 18 Pa. Cons. Stat. § 3126(a)(7), does not qualify as an aggravated felony under the Immigration and Nationality Act ("INA"). For the reasons that follow, we disagree. Cadapan also contends that he was never admitted to the United States and that therefore he is not removable under 8 U.S.C. § 1227(a)(2)(A)(iii), which applies to "an alien who is convicted of an aggravated felony at any time after admission." Cadapan, however, never raised this argument before the BIA. Because he failed to exhaust his administrative remedies, we lack jurisdiction over this claim. We will deny Cadapan's petition.

I.

On August 31, 2011, following a jury trial in the Court of Common Pleas of Cumberland County, Pennsylvania, Cadapan was convicted of three offenses: (1) indecent assault with a person less than 13 years of age, in violation of 18 Pa. Cons. Stat. § 3126(a)(7); (2) indecent assault without consent, in violation of 18 Pa. Cons. Stat. § 3126(a)(1); and (3)

corruption of minors, in violation of 18 Pa. Cons. Stat. § 6301(a)(1). On November 29, 2011, Cadapan was sentenced to a term of imprisonment not less than 6 months nor more than 23 months; a term of imprisonment of not less than 3 months nor more than 23 months, to run concurrently; and supervised probation for 36 months, respectively. On April 11, 2012, Cadapan was granted parole by the Court of Common Pleas. He was transferred to the custody of the Department of Homeland Security ("DHS") the next day.

DHS charged Cadapan with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who, after admission, was convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A) – specifically, sexual abuse of a minor. DHS also charged Cadapan with removability under 8 U.S.C. § 1227(a)(2)(E)(i), as an alien convicted of a crime of child abuse based on his conviction for the corruption of minors under Pennsylvania law. Cadapan conceded removability on the latter charge but denied the aggravated felony charge.[1] He argued that the Pennsylvania statute for indecent assault encompassed conduct that could not be considered sexual abuse of a minor under the federal statute. In an oral decision, the Immigration Judge ("IJ") rejected this argument and concluded that Cadapan was removable on both grounds. The BIA subsequently dismissed Cadapan's appeal.

---

[1] As noted by the BIA, even though Cadapan conceded his removability based on his conviction for a crime of child abuse, the aggravated felony issue remained relevant because of its impact on his eligibility for relief from removal and his ability to re-immigrate to the United States after removal. (*See* App. 3.)

4

## II.

We have jurisdiction over only one of the two claims Cadapan raises on appeal because the other is unexhausted.[2] *See* 8 U.S.C. § 1252(d)(1) (stating that a court may review a final order of removal only if "the alien has exhausted all administrative remedies"). For the first time, Cadapan argues that the BIA erred in ordering him removed as an alien who had been admitted to the United States, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), because he was never admitted to the United States.[3] He concedes that he never raised this particular issue before the IJ or BIA. We have held that "[t]he exhaustion requirement attaches to each particular issue raised by the petitioner." *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012). Therefore, Cadapan's argument regarding whether or not he was ever "admitted" to the United States is unexhausted and we lack jurisdiction to consider it.

Cadapan's second argument, however, is properly before this Court. The INA defines an aggravated felony as, inter alia, a conviction for "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Cadapan argues that conduct that meets the federal definition of sexual abuse of a minor is not necessary for a conviction under the Pennsylvania statute for indecent assault. He therefore argues

---

[2] We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

[3] Cadapan claims that he only entered the United States once as a crewman traveling with a C1 visa. He states that even though he later adjusted to lawful permanent resident status, he was never "admitted" to this country.

5

that he did not commit an aggravated felony. For the following reasons we disagree.

Because the BIA issued its own opinion, we review its decision rather than that of the IJ. *See Li v. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir. 2005). We review the decision of the IJ, however, to the extent that the BIA deferred to or adopted the IJ's reasoning. *See Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006). Our review of legal questions is de novo, subject to the principles of deference articulated in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984). *See Catwell v. Att'y Gen.*, 623 F.3d 199, 205 (3d Cir. 2010).

We apply the categorical approach in determining whether Cadapan's conviction constitutes sexual abuse of a minor under the INA. *See Restrepo v. Att'y Gen.*, 617 F.3d 787, 791 (3d Cir. 2010). We proceed in two steps: "first, we must ascertain the definition for sexual abuse of a minor, and second we must compare this 'federal' definition to the state statutory offense in question." *Id.* If conduct meeting the federal definition of sexual abuse of a minor is necessary for a conviction under 18 Pa. Cons. Stat. § 3126(a)(7), then Cadapan's conviction under the statute "qualifies as a conviction for sexual abuse of a minor and, by extension, an aggravated felony for which he is removable." *Id.*

The BIA and IJ properly turned to 18 U.S.C. § 3509(a)(8) as "a guide in identifying the types of crimes we would consider to be sexual abuse of minor" under 8 U.S.C. § 1101(a)(43)(A). *Id.* at 796 n.10 (quoting *Matter of Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 996 (BIA 1999)). In *Restrepo*, we determined that *Chevron* deference was

6

appropriate with respect to the BIA's definition of sexual abuse of a minor. 617 F.3d at 796. We therefore adopted the BIA's approach in *Matter of Rodriguez-Rodriguez*, which was to use § 3509(a)(8) as a reference point for what should be considered sexual abuse of a minor. *Id.* We noted that such an approach was reasonable because the definition set forth in § 3509(a)(8) was consistent with "the commonly accepted definition of 'sexual abuse'" in Black's Law Dictionary. *Id.* We also noted that Congress had intended to incorporate a broad range of state crimes under the umbrella of "sexual abuse of a minor." *Id.* at 798.

Section 3509(a)(8) defines sexual abuse as "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." 18U.S.C. § 3509(a)(8). Pennsylvania's statute for indecent assault provides, in relevant part, that:

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and . . . (7) the complainant is less than 13 years of age.

18 Pa. Cons. Stat. § 3126(a)(7). The BIA held that conduct covered by the Pennsylvania statute categorically qualifies as

"molestation" or "sexual exploitation" of a child within the meaning of 18 U.S.C. § 3509(a)(8). (*See* App. 4.)

Cadapan mischaracterizes the BIA's decision, stating that the agency "incorrectly concluded that one type of sexual abuse—'molestation'—necessarily encompasses all conduct prohibited by Subsection (a)(7) of Pennsylvania's indecent assault statute." Appellant's Br. 16. He neglects the BIA's finding that the conduct also could be considered another "form of sexual exploitation of children." 18 U.S.C. § 3509(a)(8). Instead, Cadapan focuses on the decision of the IJ, which stated that under a modified categorical approach, all conduct falling under the "indecent contact" portion of the Pennsylvania statute (the portion of the statute under which Cadapan was convicted) qualifies as "molestation."[4] Cadapan

---

[4] The modified categorical approach is unnecessary in this case even though the indecent assault statute is divisible because all of the conduct covered by the statute constitutes sexual abuse of a minor. *See United States v. Jones*, 740 F.3d 127, 134 (3d Cir. 2014) (holding that modified categorical approach is only appropriate where divisible state statute proscribes some conduct that falls under umbrella of federal statute and some that does not). The IJ erred in holding that the portion of the Pennsylvania statute involving "contact with seminal fluid, urine or feces" does not constitute sexual abuse of a minor. In *Stubbs v. Attorney General*, we held that in order for a conviction to be classified as "sexual abuse of a minor," "a past act with a child must have actually occurred." 452 F.3d 251, 256 (3d Cir. 2006). We concluded that because a New Jersey statute proscribing "engag[ing] in sexual conduct which would impair or debauch the morals of a child" did not necessarily involve a past act with a child,

argues that the IJ improperly employed the Black's Law Dictionary definition of molestation and that the IJ should have employed the definition provided in Rule 414 of the Federal Rules of Evidence. He says that the definition of molestation provided in Rule 414 is narrower and does not include all conduct which would be considered "indecent contact" under the Pennsylvania statute. In particular, Cadapan notes that "indecent contact" may include touching of "the backs of the legs . . . shoulders, neck, and back." *Commonwealth v. Fisher*, 47 A.3d 155, 158 (Pa. Super. Ct. 2012). In contrast, under Rule 414, there must be touching of "the genitalia, anus, groin, breast, inner thigh, or buttocks." 18 U.S.C. § 2246(3).[5] Consequently, he argues that Cadapan's conviction does not constitute sexual abuse of a minor or, by extension, an aggravated felony.

As an initial matter, we agree with the BIA that conduct covered by the indecent assault statute categorically

---

convictions under it did not categorically constitute sexual abuse of a minor. *Id.* at 255 (citation omitted). Here, "intentionally caus[ing] the complainant to come in contact with the seminal fluid, urine or feces for the purpose of arousing sexual desire in a person or a complainant," necessarily involves a past act with a child. 18 Pa. Cons. Stat. § 3126(a)(7). The IJ erred in concluding otherwise. The BIA properly determined that this portion of the indecent assault statute categorically qualifies as sexual exploitation, and by extension sexual abuse of a minor.

[5] Rule 414 cross-references this section of the U.S. Code. *See* Fed. R. Evid. 414.

constitutes "other form[s] of sexual exploitation" of a child.[6] 18 U.S.C. § 3509(a)(8). On this issue alone, Cadapan's petition could be dismissed. We also agree, however, that molestation includes all conduct covered by "indecent contact." Cadapan does not explain why we must look to the Federal Rules of Evidence for the definition of molestation. It is not cross-referenced in § 3509(a)(8) and generally when a statutory term is left undefined, we give it its "ordinary meaning" or common usage. *United States v. Santos*, 553 U.S. 507, 511 (2008). In ascertaining the ordinary meaning of terms, we may refer to legal dictionaries. *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Human Servs.*, 647 F.3d 506, 511 (3d Cir. 2011). Black's Law Dictionary defines "molestation," in part as "[t]he act of making unwanted and indecent advances to or on someone, esp[ecially] for sexual gratification." Black's Law Dictionary 1096 (9th ed. 2009). As the IJ concluded, this definition encompasses all conduct constituting "indecent contact" under 18 Pa. Cons. Stat. § 3126(a)(7). While Cadapan is correct that the Supreme Court has held that ambiguous "criminal statutes referenced by the INA must be construed in the noncitizen's favor," here, there is no ambiguity. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1693 (2013). Moreover, § 3509(a)(8) is not actually referenced in the INA and we have held that it is merely a guide as to what constitutes sexual abuse of a minor. We conclude, therefore, that the BIA reasonably determined that the "indecent

---

[6] Black's Law Dictionary defines "sexual exploitation" as "[t]he use of a person, esp[ecially] a child, in prostitution, pornography, or other sexually manipulative activity that has caused or could cause serious emotional injury." Black's Law Dictionary 1498-99 (9th ed. 2009). All conduct proscribed by 18 Pa. Cons. Stat. § 3126(a)(7) meets this definition.

10

contact" referred to in the indecent assault statute categorically constitutes molestation and, by extension, sexual abuse of a minor. Cadapan is removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii).

III.

For the foregoing reasons, we will deny Cadapan's petition for review.