**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3742
_____

JACKSON NJAGA NGARUIYA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A058-030-954)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2015

Before: FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed: February 20, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Jackson Njaga Ngaruiya petitions for review of the final order of removal of the Board of Immigration Appeals ("BIA" or "Board") dismissing his appeal from a removal order entered by an Immigration Judge ("IJ"). For the reasons discussed below, we will deny the petition for review.

Petitioner, a native and citizen of Kenya, entered the United States in 2006 as a lawful permanent resident. In 2011, he was convicted of: (1) indecent assault of a person less than sixteen years old, in violation of 18 Pa. Cons. Stat. § 3126(a)(8); and (2) indecent assault without consent, in violation of 18 Pa. Cons. Stat. § 3126(a)(1). Thereafter, the Department of Homeland Security (DHS) charged Petitioner as removable for having been convicted of an aggravated felony (namely, the sexual abuse of a minor), see 8 U.S.C. § 1227(a)(2)(A)(iii); see also 8 U.S.C. § 1101(a)(43)(A) (providing that the "sexual abuse of a minor" qualifies as an "aggravated felony").[1] The DHS also charged Petitioner with removability for having been convicted of a crime involving moral turpitude, see 8 U.S.C. § 1227(a)(2)(A)(i). At an administrative hearing, Petitioner argued before the IJ that he had not been convicted of an aggravated felony and thus should not be ordered removed on that basis. He did not contest the moral turpitude charge.

---

[1] In Restrepo v. Att'y Gen., 617 F.3d 787, 796 (3d Cir. 2010), we concluded that 18 U.S.C. § 3509(a) was an appropriate guidepost for the definition of "sexual abuse of a minor." That section defines "sexual abuse" to include "the . . . use . . . of a child to engage in . . . sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children . . . ." 18 U.S.C. § 3509(a)(8).

In March 2014, the IJ ruled that Petitioner's conviction for indecent assault of a person less than sixteen years old qualified as sexual abuse of a minor and, therefore, as an aggravated felony. He then ordered that Petitioner be removed to Kenya. In an August 2014 order, the BIA dismissed Petitioner's administrative appeal, upholding the IJ's determination that Petitioner's conviction under 18 Pa. Cons. Stat. § 3126(a)(8)[2] qualifies categorically as molestation or sexual exploitation of a child under 18 U.S.C. § 3509(a)(8) and, by extension, sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A). The Board determined that Petitioner's arguments to the contrary had been foreclosed by our recent decision in Cadapan v. Attorney General of the United States, 749 F.3d 157, 161 (3d Cir. 2014). This petition for review followed.

Our jurisdiction is circumscribed because Petitioner is removable for having been convicted of an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C). However, we can consider the jurisdictional prerequisite whether the alien's conviction constitutes an aggravated felony, and we can also hear "constitutional claims and questions of law" (but not factual challenges) even if presented by an alien convicted of an aggravated felony.

_____

[2] 18 Pa. Cons. Stat. § 3126(a)(8) provides: "A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa. Cons. Stat. § 3101.

<u>Restrepo</u>, 617 F.3d at 790.  As he did before the Board, Petitioner argues here that his Pennsylvania indecent assault conviction does not qualify as an aggravated felony under the Immigration and Nationality Act ("INA").[3]  We agree with the BIA that his arguments in support of that contention are foreclosed by our decision in <u>Cadapan</u>.

In <u>Cadapan</u>, we determined that a conviction of indecent assault under 18 Pa. Cons. Stat. § 3126(a)(7)[4] is subject to the "categorical approach" of analysis.[5]  749 F.3d at 159.  We further determined that the Pennsylvania statute categorically constitutes the aggravated felony of "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A) because all of the conduct criminalized by the statute meets the definition of "sexual abuse" in 18 U.S.C. § 3509(a)(8), which the BIA reasonably uses as a reference point for interpreting "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A).  <u>Id.</u> at 160-61.  In so holding, we rejected one of the arguments that Petitioner raises on appeal—that because 18 Pa.

---

[3] In his brief, Petitioner asserts that he was convicted under 18 Pa. Cons. Stat. § 3126(a)(7).  However, the record of conviction demonstrates that he was, in fact, convicted under 18 Pa. Cons. Stat. § 3126(a)(8).

[4] The only difference between § 3126(a)(7) and § 3126(a)(8) (under which Petitioner was convicted) is that the former criminalizes indecent assault against minors under thirteen-years-old, and the latter criminalizes the same behavior against minors under sixteen-years-old (when the perpetrator is four or more years older and not married to the minor).  The provisions are otherwise the same.

[5] The categorical approach precludes review of the factual basis for the underlying conviction.  <u>See</u> <u>Singh v. Ashcroft</u>, 383 F.3d 144, 147-48 (3d Cir. 2004); <u>see also</u> <u>Taylor v. United States</u>, 495 U.S. 575, 600-02 (1990).  Instead, we consider whether the least culpable conduct necessary to sustain a conviction under the statute satisfies the definition of the applicable INA provision.  <u>See</u> <u>Partyka v. Att'y Gen.</u>, 417 F.3d 408, 411 (3d Cir. 2005).

Cons. Stat. § 3126 is a divisible statute, it should be analyzed under the "modified categorical approach" of analysis, rather than the categorical approach.[6]  In Cadapan, we concluded that that even though Pennsylvania's indecent assault statute is divisible, it should not be analyzed under the modified categorical approach because "all of the conduct covered by the statute constitutes sexual abuse of a minor."  Id. at 161 n. 4 (citing United States v. Jones, 740 F.3d 127, 134 (3d. Cr. 2014) as holding that the modified categorical approach is only appropriate where a divisible state statute proscribes some conduct that falls under umbrella of federal statute and some that does not).  Petitioner has not provided us with any reason to disturb that ruling.

Petitioner also argues that the Board erred in determining that his indecent assault conviction constituted an aggravated felony because the "mere touching" of a minor should not qualify as sexual abuse.  However, as mentioned, in Cadapan we determined that that all conduct covered by Pennsylvania's indecent assault statute categorically constitutes "molestation" or "sexual exploitation" of a child within the meaning of 18 U.S.C. § 3509(a)(8) and, by extension, "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A).  749 F.3d at 161.  Petitioner's argument is therefore unavailing.

---

[6] If a statute of conviction lists elements in the alternative, some of which fit the federal definition and some of which do not, courts apply the modified categorical approach and are permitted "to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction."  Descamps v. United States, 133 S. Ct. 2276, 2279 (2013); see also United States v. Brown, 765 F.3d 185, 188–91 (3d Cir. 2014) (discussing operation of the categorical and modified categorical approach in light of Descamps).

Based on the above, the BIA correctly determined that Petitioner's conviction for indecent assault qualifies as sexual abuse of a minor and thus rendered him a removable alien based on an aggravated felony. We will therefore deny the petition for review.