**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2409
_____

PAUL KING,
                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A045-170-679)
Immigration Judge:  Honorable Leo Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2016
Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: February 11, 2016)
_____

OPINION[*]
_____

PER CURIAM

      Paul King, proceeding <u>pro</u> <u>se</u>, petitions for review of the decision of the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") finding of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

removability and the denial of his applications for relief from removal. For the reasons that follow, we will deny the petition for review.

King, a 57-year old native and citizen of Barbados, first came to the United States in 1985. He was admitted as a lawful permanent resident in 1996. King has previously been in removal proceedings, but was granted cancellation of removal in 2007. In 2011, King was convicted in New Jersey state court of possessing the controlled substance ecstasy. The Department of Homeland Security initiated removal proceedings in 2014. King, who also proceeded pro se in Immigration Court, was found removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of violating a law relating to a controlled substance. King applied for asylum, withholding of removal, and relief under the Convention Against Torture.

In support of his applications, King testified that he has returned to Barbados several times since coming to the United States. In 2014, he went to Barbados to attend the funeral of his brother, who was found dead in an abandoned car. King submitted an article stating that foul play was not suspected, but he stated that the death might have been motivated by an inheritance and that his brother's body was not immediately turned over for the funeral.

King also testified that his father was a constable in Barbados and was active in politics. King stated that members of rival political parties harassed his family. He recalled an incident when he was 18 years old when rival party members assaulted him. King also testified that when he went to Barbados in 2002 with his wife, the police

2

detained, verbally abused, and "smacked" him. King stated that he and his wife, a United States citizen, encounter problems in Barbados because they are an interracial couple. King's mother and sister live in Barbados. At the time of the hearing, King's wife was caring for his mother.[1]

The IJ denied King's applications for relief from removal. The IJ found that King did not suffer past persecution, that he did not meet his burden of proving a well-founded fear of persecution in Barbados, and that there was no indication that a public official would torture him if he were removed. The IJ also stated that King did not show that he merits a favorable exercise of discretion in connection with his requests for asylum and voluntary departure in light of a simple assault conviction and arrests since he was granted cancellation of removal.

The BIA dismissed King's appeal. The BIA rejected King's arguments that he is mentally infirm and that he was not informed about the availability of free legal service providers. The BIA affirmed the IJ's determination that King is removable for having been convicted of violating a controlled substance law based on his conviction for possession of ecstasy. The BIA also affirmed the IJ's ruling that King did not establish past persecution or meet his burden of proof to show a well-founded fear of persecution. The BIA stated that King had not shown that anyone in Barbados may seek to harm him on any basis. The BIA also agreed with the IJ that the evidence does not show that it is

---

[1]The IJ referred to King's wife as his girlfriend and noted that he said she was his common law wife. King, however, stated that his brother had a common law wife.

more likely than not that King will be tortured in Barbados. Finally, the BIA affirmed the IJ's determination that King did not establish that he deserves a favorable exercise of discretion for purposes of voluntary departure. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Our jurisdiction is limited to constitutional claims and questions of law because King's removal order is based on a controlled substance offense. Leslie v. Att'y Gen., 611 F.3d 171, 174 (3d Cir. 2010). Our standard of review is de novo. Id. at 175.

King asserts that the Government failed to prove that he is removable under 8 U.S.C. § 1227(a)(2)(B)(i), which, as noted above, authorizes removal of an alien convicted of violating a state law "relating to a controlled substance (as defined in section 802 of Title 21)." King contends that the Government did not establish that his conviction involved a federally controlled substance. King is correct that the Government was required to show that his conviction "involved or implicated a drug defined in section 802 of Title 21." Rojas v. Att'y Gen., 728 F.3d 203, 214 (3d Cir. 2013) (en banc). See also Mellouli v. Lynch, 135 S. Ct. 1980, 1990-91 (2015) (holding § 1227(a)(2)(B)(i) limits the meaning of controlled substance for removal purposes to the substances controlled under § 802). The administrative record, however, refutes King's argument.

The administrative record reflects that the Government submitted the charging document in King's criminal case, which shows that he was charged with possession of a controlled dangerous substance that is ecstasy, in violation of N.J. Stat. Ann. § 2C: 35-

4

10(a)(1). The judgment of conviction refers to the charging document and reflects that King pleaded guilty to violating § 2C: 35-10(a)(1). The charging document, together with the judgment, establish that King was convicted of unlawfully possessing ecstasy, a Schedule I drug under federal law. See 21 U.S.C. § 812, as amended by 21 C.F.R. § 1308.11(d)(11); United States v. Forrester, 616 F.3d 929, 935 (9th Cir. 2010). As noted by the BIA, King also acknowledged in his proceedings before the IJ that he was convicted of possessing ecstasy in violation of § 2C: 35-10(a)(1) of the New Jersey Criminal Code. King's argument thus lacks merit.[2]

King also contends that the IJ violated his due process rights by failing to explore other options for relief from removal. King did not claim a due process violation in his brief to the BIA, but he did assert that the IJ did not explain to him that he was eligible for withholding of removal and that he could seek relief in the form of prosecutorial discretion. The record reflects that the IJ explained to King the requirements for asylum, relief under the Convention Against Torture, and voluntary departure. The IJ noted that asylum "includes withholding." A.R. at 141. We agree with the Government that King has not shown a due process violation where he has not shown any prejudice. Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006). The IJ and BIA considered King's eligibility for withholding of removal and King has not shown that he could have

---

[2]This case is distinguishable from Mellouli, where the State did not charge that the alien possessed a substance on the § 802 schedules. Mellouli, 135 S. Ct. at 1984. Similarly, in Rojas, the conviction documents did not indicate the substance involved in the state offense. Rojas, 728 F.3d at 206.

obtained any other relief.

King also argues that his proceedings should have been continued based on a pending visa petition. We lack jurisdiction to consider this argument because King did not raise it on appeal to the BIA. Cadapan v. Att'y Gen., 749 F.3d 157, 159 (3d Cir. 2014).

King also asserts in his brief that he was denied due process because the IJ did not allow him to obtain legal representation. As recognized by the BIA, the record does not support this contention. We also note that the IJ afforded King time to find an attorney and told him that he could retain a lawyer at any point when the case was still before the court. To the extent King also contends that erroneous standards were applied to his case, he has not shown any error by the BIA.

Accordingly, we will deny the petition for review.