ALD-012                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1547
_____

MAYCO ANTULIO LOPEZ-RAMIREZ,
                                                      Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A208-269-186)
Immigration Judge:  Steven A. Morley

_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 15, 2020
Before:  MCKEE, GREENAWAY, Jr., and BIBAS, Circuit Judges

(Opinion filed December 2, 2020)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mayco Antulio Lopez-Ramirez petitions for review of a decision of the Board of Immigration Appeals ("BIA" or "Board"), which dismissed his appeal from an Immigration Judge's ("IJ") removal order. Because Petitioner raises no substantial question, see 3d Cir. LAR 27.4 and I.O.P. 10.6, and indeed has not raised any issue over which we have jurisdiction, we will summarily dismiss the petition for review.[1]

Petitioner is a citizen of Guatemala. He entered the United States without inspection as a juvenile. He was served with a Notice to Appear ("NTA"), which indicated that he should appear for a hearing at a time and date to be set. A.R. 637. Petitioner, represented by counsel, applied for asylum and related relief. The IJ found Petitioner to be credible for the most part, A.R. 103-04, but determined that he did not meet the standard for the relief he requested. A.R. 104-13.

On appeal to the BIA, Petitioner argued among other things that, following the Supreme Court's decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018), the IJ lacked subject matter jurisdiction over Petitioner's removal proceedings, because his NTA lacked a date and time to appear. A.R. 31-40. The Board rejected Petitioner's argument, based on its own precedent and this Court's decision in Nkomo v. Attorney General, 930 F.3d 129, 133-34 (3d Cir. 2019). A.R. 3. The Board also affirmed the IJ's determination that relief from removal was not warranted. A.R. 4.

---

[1] We essentially will grant the Government's motion, although we will do so by dismissing the petition for review rather than affirming the BIA's decision.

Still represented by counsel, Petitioner timely petitioned for review. In his opening brief, Petitioner raises one issue: the Board erred by failing to terminate his proceedings because the NTA failed to comply with the statutory requirements of 8 U.S.C. § 1229(a)(1)(G)(i).[2] Petitioner insists that he is not arguing that the IJ lacked *jurisdiction* over his removal proceedings—he concedes that such an argument is foreclosed by <u>Nkomo</u>. Instead, he argues that his removal proceedings must be terminated because his NTA did not meet the requirements of the statute. The Government has filed a motion for summary action, and Petitioner has responded in opposition to that motion.

We have jurisdiction under 8 U.S.C. § 1252. We may only review issues that a petitioner has raised before the agency. 8 U.S.C. § 1252(d)(1). Petitioner's brief to the BIA contained nine pages of argument on how the defective NTA stripped the IJ of jurisdiction. But he argues now that he alerted the BIA to his *statutory* argument because he also stated in his brief that the NTA was defective "as a matter of law." As his few statements using this short phrase (A.R. 30, 31, 32) were made in the context of his lengthy argument that the IJ lacked subject matter jurisdiction, we conclude that they were insufficient to put the BIA on notice of a separate statutory claim that provided an independent basis for terminating proceedings before the IJ.[3] Accordingly, Respondent

---

[2] Section 1229(a)(1) provides that written notice (the NTA) shall be provided in person or through service by mail, specifying as relevant here, "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i).

[3] In his brief before the BIA, Petitioner clearly stated that he "has not waived the right to

failed to exhaust the statutory claim that he has addressed in his brief here. See Cadapan

v. Att'y Gen., 749 F.3d 157, 158-59 (3d Cir. 2014) (explaining that we lack jurisdiction

to consider a claim that was not raised before the Board); Perez-Sanchez v. Att'y Gen.,

935 F.3d 1148, 1157 (11th Cir. 2019) (dismissing for lack of jurisdiction claim that

"NTA violated the agency's claim-processing rules" because the petitioner "failed to

exhaust the claim before the agency").[4]

As Petitioner did not exhaust before the agency the only issue he raises here, we

will dismiss the petition for review for lack of jurisdiction.

---

move to terminate these proceedings" because "a challenge to subject matter jurisdiction cannot be waived." A.R. 33. We note that, if he had intended to raise a separate, statutory claim that was not jurisdictional, courts that have considered such statutory requirements as claim-processing rules likely would have considered the argument forfeited, as he did not argue before the IJ that removal proceedings should be terminated because the NTA failed to meet statutory requirements. See Ortiz-Santiago v. Barr, 924 F.3d 956, 964 (7th Cir. 2019).

[4] Petitioner has waived any challenge to the denial of relief from removal by failing to address in his brief that portion of the BIA's decision. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).