**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2675
_____

MIRIAM YESSICA QUIZHPI-LOJA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(A202-072-047)
Immigration Judge: Steven A. Morley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 26, 2021

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*

(Filed: March 31,2021)
_____

**OPINION**[*]
_____

BIBAS, *Circuit Judge*.

Though bullying is tragic, it is not persecution. Miriam Quizhpi-Loja claims that she

was persecuted based on her indigenous heritage. But because bullying is not enough for

asylum or withholding of removal, we will deny her petition for review.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

Quizhpi-Loja had a tough upbringing in her native Ecuador. She spent much of her early life in the fields, working with her indigenous grandparents. And she and other indigenous girls were often bullied: classmates called them names, shoved them to the ground, and once even made her nose bleed.

Quizhpi-Loja was better off in the United States. After entering illegally in 2014, she graduated from high school and started at community college. But the government found her and started removal proceedings. Her lawyer moved for asylum and withholding of removal.

The immigration judge denied relief. He did find her credible and a member of a particular social group: young, indigenous, Ecuadorian females. But he found that she neither had suffered past persecution nor had a well-founded fear of future persecution. That meant she did not carry her burden of proof for asylum or withholding. The Board of Immigration Appeals affirmed.

Quizhpi-Loja now petitions for review. She challenges only the finding on past persecution, not future persecution. We have jurisdiction under 8 U.S.C. §1252(a)(1). We review for substantial evidence and may reverse factual findings only if "any reasonable adjudicator would be compelled to conclude to the contrary." §1252(b)(4)(B).

Persecution is a demanding standard. It does not cover all treatment that is unjust, unfair, or unlawful. *Doe v. Att'y Gen.*, 956 F.3d 135, 143 (3d Cir. 2020). But it does include "death threats, involuntary confinement, torture, and other severe affronts to the life or freedom of the applicant." *Id.* (quoting *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 341 (3d Cir. 2008)). In *Doe*, we found past persecution when a violent mob beat Doe with

weapons, doused him with kerosene, drew a cutlass, and threatened to burn or behead him. *Id.* at 144. Schoolyard taunts, shoving, even a nosebleed are a far cry from that.

On appeal, Quizhpi-Loja challenges for the first time the immigration judge's use of the word "barbaric" to describe the standard for persecution, and also his alleged failure to review her past harm in the context of her age. App. 8. But because these challenges were not raised below, we cannot consider them for the first time here. *Cadapan v. Att'y Gen.*, 749 F.3d 157, 159 (3d Cir. 2014).

Though Quizhpi-Loja was bullied by her peers, schoolyard taunts and shoves are not persecution. So we must deny the petition for review.