NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3815

_____

WILBUR RAMIREZ-PEREZ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals (No. A205-986-790)
Immigration Judge Rosalind K. Malloy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 9, 2021

Before: AMBRO, MATEY, and ROTH, Circuit Judges

(Opinion filed: July 7, 2021)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Wilbur Ramirez-Perez petitions for review of the denial by the Board of Immigration Appeals ("BIA") of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the agency's decisions are supported by substantial evidence, we deny the petition.[1]

## I.

Ramirez-Perez is a Salvadoran native and citizen who entered the United States without inspection in 2005 or 2006. In 2013, his sister, who owns a small business in El Salvador, received phone calls from gang members demanding money. His sister decided not to pay the gang and went to the police instead, who arrested one of the gang members. Ramirez-Perez fears that, if he returns to El Salvador, the gang members who attempted to extort his sister will come after him because they will discover he recently returned to the country and erroneously believe he has lots of money.

In June 2013, removal proceedings against Ramirez-Perez began. He thereafter applied for the relief noted above. An Immigration Judge ("IJ") denied his applications in March 2017. The IJ found that Ramirez-Perez's application for asylum was untimely. Ramirez-Perez argued "changed circumstances" excused the delay, but the IJ rejected this argument. The IJ also dismissed Ramirez-Perez's remaining claims, determining that he failed to establish a clear probability that he would be persecuted based on a protected

---

[1] Ramirez-Perez also filed a second petition for review under case number 19-2511. The two cases were consolidated and held in abeyance pending decisions in similar cases from our Court and the Supreme Court. In May 2021, the parties jointly moved to remand case number 19-2511 to the BIA in light of the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). We will grant that motion under separate cover, and this opinion shall address solely the issues raised in case number 17-3815.

ground if he returned to El Salvador or that the Salvadoran government would acquiesce to any torture he might suffer. The BIA rejected his appeal, and he filed a timely petition for review.

## II.

The BIA had jurisdiction under 8 U.S.C. § 1103(g)(2) and 8 C.F.R. § 1208.31(e). We have jurisdiction over final orders of removal under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA adopts an IJ's decision and adds analysis of its own, we review both decisions. *See Sandie v. Att'y Gen.*, 562 F.3d 246, 250 (3d Cir. 2009). We review legal conclusions anew, *Cadapan v. Att'y Gen.*, 749 F.3d 157, 159 (3d Cir. 2014), and factual determinations for substantial evidence, *Dwumaah v. Att'y Gen.*, 609 F.3d 586, 589 (3d Cir. 2010). Under the deferential substantial-evidence standard, "we must uphold the agency's determination unless the evidence would compel any reasonable fact finder to reach a contrary result." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684 n.5 (3d Cir. 2015).

### A.    Asylum and Statutory Withholding of Removal

Ramirez-Perez contends he is eligible for asylum[2] and statutory withholding of removal based on his fear that he will be persecuted by the gangs who extorted his sister. We agree with the IJ and the BIA that both applications fail.

---

[2] Ramirez-Perez also takes issue with the agency's failure to consider what he believes to be "changed circumstances" justifying his untimely asylum application. Because we conclude his asylum application would fail on the merits in any event, we need not address this argument.

3

To establish a well-founded fear of future persecution, persecution must be *on account of* a protected characteristic—race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1231(b)(3)(A). In other words, a petitioner must demonstrate that his protected characteristic is "'one central reason' why he was or will be targeted for persecution." *Gonzalez-Posadas*, 781 F.3d at 684–85 (citation omitted). Ramirez-Perez claims he fears persecution based on his membership in several social groups, including "family members of business owners in El Salvador who have resisted gang demands" and "immediate family members of his sister." Pet. Br. at 20.

Assuming, as the BIA and IJ did, that Ramirez-Perez's proposed social groups are recognized (itself a doubtful proposition), he has still failed to show that his membership in those groups was a "central reason for the persecution." *Gonzalez-Posadas*, 781 F.3d at 685. He testified that, if he goes back to El Salvador, the gangs "are going to think that I have a lot of money, they are going . . . [to] ask me for money or they're going to ask me to join them and I don't want to do it." A.R. 129. But that fear is premised on his tenuous speculation that the gangs will believe he has much money or want to recruit him, not on his membership in any particular social group that we recognize. *Cf. Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 344–45 (3d Cir. 2008) ("[The relevant] incident was not centrally motivated by any . . . social group status . . ., but rather by a desire to recruit Petitioner."). And although Ramirez-Perez has pointed to one incident involving threats to his sister, "isolated criminal acts," in this case, several years after Ramirez-Perez left

4

El Salvador, "do not constitute persecution on account of a protected characteristic." *Gonzalez-Posadas*, 781 F.3d at 685.

Even if Ramirez-Perez had established a fear of persecution based on a protected characteristic, he would still need to show that the Salvadoran government is "unable or unwilling" to control that persecution. *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) (citation omitted). This he has not done. The IJ and BIA observed that after Ramirez-Perez's sister was threatened, she reported the threat to the police, and they not only conducted a sting operation but also arrested one of the persons who was extorting his sister. This is substantial evidence to support the conclusion that the Salvadoran government is not unable or unwilling to control any persecution Ramirez-Perez might face. We thus reject his asylum and withholding claims.

## B.    Relief under the CAT

To succeed on a CAT claim, a petitioner must show it is more likely than not that he would be tortured if he is removed to his country of nationality and that the torture would be inflicted by or at the acquiescence of a "public official acting in an official capacity." 8 C.F.R. §§ 208.16, 208.18. The BIA and IJ denied Ramirez-Perez's CAT claim because they found it was too speculative. A.R. 5, 80–81. Substantial evidence supports this conclusion. Ramirez-Perez has pointed to nothing more than a speculative fear that a gang will ask him for money or recruit him. Moreover, he testified that the police actively targeted and arrested the person who was extorting his sister. Far from demonstrating acquiescence in torture, this testimony suggests the Salvadoran

5

government affirmatively tried to prevent mistreatment of Ramirez-Perez and his family.

We therefore reject his CAT claim and, with that complete, the petition for review.