**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3911
_____

KWAME DWUMAAH,
a/k/a Simon Dwumaah

                                                  Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                  Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-462-772)
Immigration Judge:  Honorable Roxanne Hladylowycz

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2015

Before: RENDELL, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 10, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Kwame Dwumaah[1] petitions for review of the order of the Board of Immigration

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appeals ("BIA") denying his motion for reconsideration.  We will deny the petition.

I.

Dwumaah is a citizen of Ghana.  In 2007, an Immigration Judge ("IJ") ordered his removal to Ghana on the ground that he falsely represented himself to be a United States citizen in three student loan applications.  8 U.S.C. § 1227(a)(3)(D)(i).  The BIA dismissed his appeal on the merits.  We denied his petition for review because substantial evidence supported the IJ's finding that Dwumaah made the representations.  See Dwumaah v. Att'y Gen., 609 F.3d 586, 589-90 (3d Cir. 2010) (per curiam) (C.A. No. 09-4140).  The IJ also denied Dwumaah's application for cancellation of removal, but he did not challenge that issue on review and we deemed it waived.  See id. at 589 n.3.

In 2011, the BIA reopened Dwumaah's proceeding and remanded for the IJ to reconsider cancellation in light of additional evidence.  The IJ again denied cancellation, and the BIA dismissed Dwumaah's appeal on the merits on January 22, 2014.  Dwumaah did not petition for review.  Instead, he filed a motion with the BIA asking it to reconsider its decision and to reopen his proceeding on the basis of evidence purportedly showing that he is not removable because he timely retracted his misrepresentations of citizenship in a subsequent student loan application in 1999.

On June 27, 2014, and as relevant here, the BIA denied reopening because the evidence on which Dwumaah relied was previously available and because he did not present an "exceptional situation" warranting reopening sua sponte.  Dwumaah once

---

[1] The petitioner's last name appears as "Dwvmaah" on the Agency's and this Court's captions, but the parties refer to him as "Dwumaah" and we will do the same.

2

again did not petition for review and instead filed another motion for reconsideration with the BIA. The BIA denied that motion on September 9, 2014, after finding no error in its previous decision. Dwumaah now petitions for review.[2]

II.

The BIA's September 9 order denying reconsideration is the only order before us for review, but determining whether the BIA abused its discretion in denying reconsideration "requires some review of [its] underlying decision" of June 27 denying reopening. Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012) (quotation marks omitted). Thus, the specific question before us is whether the BIA abused its discretion in declining to reconsider its order of June 27, in which it declined to reopen Dwumaah's proceeding on the ground that the evidence on which he relied was previously available.

It did not. The IJ found Dwumaah removable because he checked a box on three student loan applications claiming to be a United States citizen. Dwumaah now argues that he retracted these representations by later checking a box on a 1999 application stating that he was not a United States citizen.[3] The evidence on which he relies consists

---

[2] We have jurisdiction under 8 U.S.C. § 1252 to review the BIA's denial of a motion for reconsideration, see Pllumi v. Att'y Gen., 642 F.3d 155, 160 n.9 (3d Cir. 2011), but, as explained below, we lack jurisdiction to the extent that the BIA's ruling implicates its discretion to deny reopening sua sponte. To the extent that we have jurisdiction, we review the BIA's denial of reconsideration only for abuse of discretion. See id. at 158.

[3] Dwumaah also advances several subsidiary arguments. He argues that, because he retracted his false representations, the applications containing those representations are not "reliable" evidence and the IJ denied him due process in relying on them under Ezeagwuna v. Ashcroft, 325 F.3d 396 (3d Cir. 2003). Dwumaah also argues that the Government's decision to charge him as removable for making the allegedly retracted statements constitutes misconduct warranting nunc pro tunc relief under Cheruku v.

3

of the 1999 application and a Government-prepared timeline of the relevant events.

(A.R. 145-46, 160.) The Government, however, submitted those documents to the IJ

before Dwumaah's initial hearing. (A.R. 1557-58, 1572.) The documents that Dwumaah

submitted to the BIA also bear page numbers 805-06 and 820, which reflect their

presence in the administrative record previously filed in C.A. No. 09-4140. Thus, the

BIA properly concluded that reopening was not warranted because Dwumaah's evidence

is not new. See 8 C.F.R. § 1003.2(c)(1).[4]

In the absence of new evidence, the only potential ground for the BIA to reopen

would be to do so sua sponte, which it generally does only in "exceptional situation[s]."

Cruz v. Att'y Gen., 452 F.3d 240, 249 (3d Cir. 2006) (quotation marks omitted). The

BIA concluded in its June 27 order that Dwumaah did not present an exceptional

situation, and Dwumaah challenges the BIA's refusal to reconsider that ruling as well.

We generally lack jurisdiction, however, to review the BIA's exercise of its unfettered

discretion to deny reopening sua sponte. See Pllumi, 642 F.3d at 159. We have

jurisdiction to review such rulings only when the BIA has provided some basis by which

---

Attorney General, 662 F.3d 198 (3d Cir. 2011). We need not separately address these or
Dwumaah's other subsidiary arguments.

[4] The BIA did not mention this point, but Dwumaah's timely-retraction argument is not
new either. In addition to petitioning for review of the BIA's initial order in 2009,
Dwumaah filed a motion with the BIA to reconsider that order. Dwumaah later raised his
timely-retraction argument in an "updated supplemental" motion. (A.R. 740-42.) The
BIA denied reconsideration on April 29, 2010, shortly after we decided C.A. No. 09-
4140, but Dwumaah did not petition for review of that ruling. Although we do not reach
the merits of Dwumaah's timely-retraction argument, we note that he cites no evidence
(old or new) that his alleged retraction in fact was timely. See Eid v. Thompson, 740
F.3d 118, 125 (3d Cir.), cert. denied, 135 S. Ct. 175 (2014).

to measure its exercise of discretion, such as when its decision reveals that it was based on a misapprehension of the law, see id. at 159-60, or when the BIA has adopted a general policy governing its exercise of discretion, see Cruz, 452 F.3d at 249. These considerations apply even though we are reviewing the BIA's refusal to reconsider its denial of reopening sua sponte rather than the denial of reopening itself. See Charuc v. Holder, 737 F.3d 113, 115 (1st Cir. 2013).

Dwumaah's sole reliance on previously available evidence and arguments does not implicate either situation. Dwumaah relies on Cruz for the proposition that the BIA has established a policy of reopening when an alien is "no longer removable." Cruz, 452 F.3d at 247. In addition to declining to resolve that issue, however, Cruz involved an alien who sought reopening because the criminal conviction forming the basis for his order of removal had been vacated, see id., not an alien like Dwumaah who seeks merely to advance previously available arguments. Not surprisingly, neither Cruz nor any other authority suggests that the BIA has a general policy of reopening for that purpose.

For these reasons, we will deny the petition for review.

5