**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2940
_____

KWAME DWUMAAH, Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-462-772)
Immigration Judge:  Roxanne Hladylowycz

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2022

Before:  McKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 24, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se petitioner Kwame Dwumaah, a citizen of Ghana, has filed a petition for review challenging the BIA's denial of his seventh motion to reopen/reconsider. For the reasons detailed below, we will deny the petition.

Dwumaah was deemed removable for falsely representing himself to be a United States citizen in student-loan applications. See 8 U.S.C. § 1227(a)(3)(D)(i); Dwumaah v. Att'y Gen., 609 F.3d 586, 589 (3d Cir. 2010) (per curiam) (denying petition for review challenging removal order). After proceedings not relevant here, he filed a motion to reopen, arguing that he was not removable because, while he had claimed to be a citizen in three student-loan applications, he had retracted these representations by later checking a box on a 1999 application stating that he was not a citizen. He claimed that this "retraction" eliminated his prior false claims and meant that he was not removable under § 1227(a)(3)(D)(i). The BIA denied the motion, concluding that Dwumaah had not presented the requisite new evidence in support of reopening. We then denied Dwumaah's petition for review, noting that the evidence on which Dwumaah relied—the 1999 student-loan application—was not new since it was part of the record in the initial removal proceedings. See Dwumaah v. Att'y Gen., 614 F. App'x 66, 68 (3d Cir. 2015) (per curiam).

Dwumaah then filed the motion to reopen/reconsider at issue here, arguing that counsel in the removal proceedings performed ineffectively by failing to assert the retraction argument. The BIA denied the motion, concluding that it was untimely and numerically barred and that Dwumaah had not demonstrated that any exception to these rules applied. See ECF No. 5-2 at 3. The BIA further concluded that to the extent that

2

Dwumaah sought reconsideration, the motion was untimely and duplicative of his prior motions. Finally, the BIA declined to reopen sua sponte. Dwumaah filed a petition for review.

We have jurisdiction to review the BIA's denial of Dwumaah's motion under 8 U.S.C. § 1252(a)(1). See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). We review a denial of a motion to reopen or reconsider for abuse of discretion, and will not disturb the BIA's decision "unless it is arbitrary, irrational, or contrary to law." Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011) (citation and quotation marks omitted).

As the BIA concluded, Dwumaah's motion, whether construed as requesting reopening or reconsideration, was plainly time- and number-barred. As a general rule, a noncitizen may file only one motion to reopen and must do so within 90 days of the date of the final administrative decision. See 8 U.S.C. § 1229a(c)(7)(A), (C)(i). A motion to reconsider must be filed within 30 days of the entry of the final order of removal, 8 U.S.C. § 1229a(c)(6)(B); Pllumi, 642 F.3d at 160, and a petitioner may file only one such motion, see § 1229a(c)(6)(A). The motion here was Dwumaah's seventh. Further, the final order of removal in Dwumaah's case was entered in January 2014, and he did not file this motion to reopen/reconsider until 2020.

Dwumaah is correct that he argued that the BIA should equitably toll the time and number limitations and that the BIA failed to address that argument in its opinion. While this was error, see Nkomo v. Att'y Gen., 986 F.3d 268, 273 (3d Cir. 2021), we are satisfied that, in this case, the error was harmless, see Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (explaining that we "will view an error as harmless and not

3

necessitating a remand to the BIA when it is highly probable that the error did not affect the outcome of the case"). To benefit from equitable tolling, the petitioner is required to make a "showing of due diligence." Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011). Here, as the BIA explained in denying reconsideration, Dwumaah's "current motion essentially reiterates the arguments previously raised in his prior motions." A.R. at 3. That is accurate. Dwumaah originally began to assert his retraction argument in 2010. See Dwumaah, 614 F. App'x at 68 n.4 ("Dwumaah's timely-retraction argument is not new either[.]"); see also A.R. at 1146. He has also been asserting ineffectiveness arguments since that time. See A.R. at 217. We deem it highly probable that the BIA would conclude that Dwumaah's ten-year delay in presenting this particular version of the claim does not display the necessary diligence to justify equitable tolling. See Alzaarir, 639 F.3d at 90; Mahmood v. Gonzales, 427 F.3d 248, 253 (3d Cir. 2005).[1]

Finally, "[b]ecause 'orders by the BIA declining to exercise its discretion to reopen sua sponte are functionally unreviewable,' we generally lack jurisdiction to review the BIA's decision on sua sponte reopening." Darby v. Att'y Gen., 1 F.4th 151, 164 (3d Cir. 2021) (quoting Sang Goo Park v. Att'y Gen., 846 F.3d 645, 651 (3d Cir.

---

[1] In his brief, Dwumaah repeatedly says that "the United States District Court for the Middle District of Pennsylvania ruled that there were issues with his removal order and the underlying removal proceedings." Br. at 2; see also id. at 5, 6, 7, 9, 13, 17, 22, 23, 24. That is inaccurate. In denying Dwumaah's request for a declaratory judgment, the District Court actually stated, "Although Dwumaah has issues with the final order of removal and the underlying removal proceedings, his complaints have no bearing on this analysis, and, as we previously noted, is something we are statutorily barred from reviewing." A.R. at 237 n.10. Thus, the Court simply observed that Dwumaah has various complaints about his removal order; the Court did not endorse those complaints.

2017)).  While we do have jurisdiction if the BIA relied on an incorrect legal premise or departed from settled practice, see id., neither exception is relevant here.  As we explained in one of Dwumaah's prior cases, he has failed to show that the BIA has a general policy of reopening sua sponte to permit a petitioner "to advance previously available arguments" challenging removability.  Dwumaah, 614 F. App'x at 68–69.

Accordingly, we will deny the petition for review.