**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3378
_____

KWAME DWUMAAH,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A075-462-772)
Immigration Judge:  Roxanne Hladylowycz
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 11, 2023

Before:  SHWARTZ, BIBAS, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: September 27, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se petitioner Kwame Dwumaah, a citizen of Ghana, has filed a petition for review challenging the Board of Immigration Appeals' denial of his eighth motion to reopen/reconsider. We will deny the petition.

Because the parties are familiar with the record, we provide only a summary here. Dwumaah was deemed removable for falsely representing himself to be a United States citizen in student-loan applications. See 8 U.S.C. § 1227(a)(3)(D)(i); Dwumaah v. Att'y Gen., 609 F.3d 586, 589 (3d Cir. 2010) (per curiam) (denying petition for review challenging removal order). Thereafter, Dwumaah filed various motions to reopen, arguing that he had retracted his prior false representations by checking a box on a 1999 application stating that he was not a citizen, which made him non-removable under § 1227(a)(3)(D)(i), and that counsel in the removal proceedings performed ineffectively by failing to raise the retraction argument. His efforts were unsuccessful; the Board of Immigration Appeals (BIA) denied his motions, and we denied his petitions for review of those decisions. See Dwumaah v. Att'y Gen., 614 F. App'x 66, 68 (3d Cir. 2015) (per curiam) (non-precedential); Dwumaah v. Att'y Gen., No. 21-2940, 2022 WL 1635612, at *2 (3d Cir. May 24, 2022) (per curiam) (non-precedential).

In 2021, Dwumaah submitted his eighth motion to reconsider/reopen. In that motion, Dwumaah reasserted his previously raised claim that counsel during his removal proceedings (Wayne Sachs) had performed ineffectively by failing to assert the retraction argument; he also added claims that two other attorneys, Attorneys Clarke and Ahmad, performed ineffectively for the same reason. The BIA denied his motion as time- and number-barred, explained that Dwumaah was not entitled to equitable tolling because he

did not exercise due diligence, and noted that he had not shown that he had been prejudiced by the attorneys' alleged errors. Thereafter, Dwumaah filed a petition for review.[1]

The BIA correctly determined that Dwumaah's motion to reopen was time- and number-barred. A noncitizen may file only one motion to reopen and must do so within 90 days of the date of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). The motion to reopen at issue here is Dwumaah's eighth. Furthermore, the final order of removal in Dwumaah's case was entered in January 2014, and he did not file this motion to reopen until 2021.[2] And, while the time- and number-bar can be excused in limited circumstances, see 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv), Dwumaah has set forth no allegations that could invoke an exception.

It is true that "[t]he time limit for filing a motion to reopen is subject to equitable tolling, and perhaps the numerical limit is as well." Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) (per curiam). And, although ineffective assistance of counsel can be a basis for equitable tolling, the petitioner is required to make a "showing of due

---

[1] We have jurisdiction to review the BIA's denial of Dwumaah's motion under 8 U.S.C. § 1252(a)(1). See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). Because motions to reopen are ordinarily "granted only under compelling circumstances," Darby v. Att'y Gen, 1 F.4th 151, 159 (3d Cir. 2021) (quoting Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004)), we review the BIA's denial of such a motion for an abuse of discretion, and "will not disturb the BIA's determination unless it is arbitrary, irrational, or contrary to law." Id.

[2] Although the BIA did not construe Dwumaah's motion as a motion to reconsider, so construed, the motion is still time- and number-barred. See 8 U.S.C. § 1229a(c)(6)(B) (a motion to reconsider must be filed within 30 days of the entry of the final order of removal); § 1229a(c)(6)(A) (a petitioner may file only one such motion).

diligence." Id. We recently observed that Dwumaah "originally began to assert his retraction argument in 2010." Dwumaah, No. 21-2940, 2022 WL 1635612, at *2. His delay, spanning more than ten years, in presenting these specific versions of the retraction claim "does not display the necessary diligence to justify equitable tolling." Id. That conclusion applies with equal force to Dwumaah's claims raised against Attorneys Sachs, Clarke, and Ahmad. Simply put, Dwumaah has not shown the requisite diligence to toll the time and number bars. This is fatal to Dwumaah's petition.[3]

In his filings in this Court, Dwumaah argues that the BIA applied the incorrect prejudice standard in assessing his ineffective-assistance claims and thus erred in determining that he was not entitled to toll the limitations period. See C.A. No. 21 at 13. Because Dwumaah has not displayed the requisite diligence to warrant tolling, we need not address the BIA's prejudice analysis. See Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005); Green v. Att'y Gen., 694 F.3d 503, 508 (3d Cir. 2012).

---

[3] Dwumaah presented evidence that Attorney Clarke was disbarred in 2020 as a result of committing fraud in (other) immigration proceedings. However, Dwumaah was aware of his claim well before that occurred, and thus did not exercise the necessary diligence for equitable tolling. See Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir. 2008) (explaining that due diligence must be exercised over the entire period for which tolling is desired, including the period during which the ineffectiveness should have been discovered). Indeed, it seems unlikely that Clarke's fraud and disbarment advance his ineffectiveness claim. Dwumaah alleged that Clarke performed ineffectively by failing to assert his timely retraction argument; her later disbarment for filing false documents on behalf of non-citizen clients is unrelated to the error Dwumaah claims. See generally Vance v. Lehman, 64 F.3d 119, 123–24 (3d Cir. 1995) (explaining that "where breaches of professional responsibility are unrelated to the representation of the defendant, courts have not regarded the imposition of sanctions as relevant to the adequacy of an attorney's representation and have not given disbarment orders retroactive effect for Sixth Amendment purposes").

Finally, Dwumaah contests the BIA's decision declining to sua sponte reopen his matter. "Because 'orders by the BIA declining to exercise its discretion to reopen sua sponte are functionally unreviewable,' we generally lack jurisdiction to review the BIA's decision on sua sponte reopening." <u>Darby</u>, 1 F.4th at 164 (quoting <u>Sang Goo Park v. Att'y Gen.</u>, 846 F.3d 645, 651 (3d Cir. 2017)). While we do have jurisdiction if the BIA relied on an incorrect legal premise or departed from settled practice, <u>see id.</u>, neither exception is relevant here. As we explained in one of Dwumaah's prior cases, he has failed to show that the BIA has a general policy of reopening sua sponte to permit a petitioner "to advance previously available arguments" challenging removability. <u>Dwumaah</u>, 614 F. App'x at 68–69.

Accordingly, we will deny the petition for review.[4]

---

[4] Dwumaah filed two motions for leave to file supplemental briefs. To the extent that C.A. No. 24 is the supplemental brief, the motion is granted and we have considered the filing. To the extent that Dwumaah seeks to file additional briefs or any other relief, the motions are denied.